Upon appellant's petition for rehearing filed December 8, 1975, former opinion filed November 6, 1975, 273 Or 430, 541 P2d 1287, rehearing denied by opinion January 22, 1976

# JONES, *Appellant,*

*v.*

# MITCHELL BROS. TRUCK LINES et al,

## *Respondents.*

544 P2d 1039

Arthur C. Johnson, John B. Arnold, and Johnson, Johnson & Harrang, Eugene, for the petitioner.

No appearance contra.

HOLMAN, J.

## HOLMAN, J.

■ Plaintiff has raised two issues upon a petition for rehearing which we believe require a response by this court. His primary complaint is that the court neglected to demand proof that plaintiff had a "proprietary or financial interest" in the subject matter of his wife's litigation as a prerequisite to applying collateral estoppel. Plaintiff, in conducting his wife's action, exercised "control" of that action in the sense that he had an effective choice through the lawyer he selected as to the legal theories and proofs to be advanced on behalf of his wife. It is true that he did not have a "right" to control the action to further his individual or personal interests, but we do not view this lack as determinative. As long as his wife's interests and his individual interests in seeing the action prosecuted in the manner chosen were substantially identical, he had the *opportunity* to control the action in a manner beneficial to his individual interests. The benefits that would accrue to him individually from a successful prosecution of the case provided ample incentive for him to do so. In these circumstances plaintiff was afforded a fair and adequate opportunity to protect his individual interests.

Our opinion necessarily recognizes that the "interest" which may serve to estop a person who had control of a previous action is not limited to the "proprietary or financial interest" required by the Restatement of Judgments § 84. The presence of a proprietary or financial interest in the subject matter may be indicative of either the control or the incentive, but these interests do not constitute the exclusive indicia. We note that our conclusion is in line with Section 83 of Tentative Draft No. 2 of the Restatement (Second) of Judgments (April 15, 1975), which *discards the necessity of finding a proprietary or financial interest* on the part of a person who is sought to be estopped by a determination in an action which he controlled.

■ Plaintiff now contends, for the first time, that if his

position in the present case is not sustained, the court's ruling should be applied prospectively only. Plaintiff, while not directly saying so, implies that in acting as his wife's guardian he relied upon Section 80 of the Restatement of Judgments and on this court's decision in the case of *Crow v. Abraham,* 86 Or 99, 108-09, 167 P 590 (1917), which laid down the rule that a person who has litigated in a representative capacity is not estopped from subsequently litigating in his own case identical issues which were decided adversely in the proceeding in which he was acting in his representative capacity.

As heretofore indicated, the rationale of this court's decision rests upon the control which plaintiff exercised over his wife's case and his and his wife's complete lack of conflicting interests, together with the incentive of his own self-interest, which forced him to do his best to win her case. The extent of his control was stipulated to by the parties.[1] Had someone else been appointed a nominal guardian and had plaintiff exercised the same authority which is shown by the stipulation, the result would be the same. The crucial fact is that of control.

In *Bahler v. Fletcher,* 257 Or 1, 20, 474 P2d 329 (1970), we laid down the rule that a person was entitled to only one fair opportunity to litigate the issues in a manner which afforded adequate protection to his interests. Thereafter, in any situation where it could be fairly contended that such an opportunity had been afforded, it would be reasonable to suspect that the mere fact that one was a guardian might not protect one from being estopped. This is particularly so when

---

[1]"As guardian of the person and estate of Violet Jeanette Jones, Plaintiff Vernon Leo Jones employed an attorney to prosecute the described claim filed by Violet Jeanette Jones, participated as her guardian in respect to the prosecution of her claim, including the verification of pleadings, participating in settlement negotiations, sitting at counsel table throughout trial, participating in the decision to appeal from the prior judgment and to petition for a rehearing. Costs of litigation were not advanced by Vernon Leo Jones, but were borne by the guardianship estate. Vernon Leo Jones was a witness to the accident and was called to the stand and did testify at the trial of her case."

the protection of the wife's rights, which was the reason for the prior rule of no estoppel, does not require the guardian's freedom from estoppel, but, rather, as we showed in our original opinion, is aided by the application of estoppel to the guardian.

Either plaintiff did have a fair and complete opportunity to litigate the issue which he now seeks to litigate or he did not. It would be anomalous to hold, as we have, that he had such a fair and complete opportunity but, nevertheless, he should not be precluded because he relied on the prior rule to his detriment. He is precluded by his fair and complete opportunity to litigate the issues—not by his acting as his wife's guardian. If we had concluded that plaintiff had relied on the rule of no estoppel in such a way that his conduct of his wife's action did not provide adequate protection to his individual interest, we necessarily would have reached a different result. Plaintiff's protected interest was in having one fair and complete opportunity to litigate the issues in the most beneficial manner to his individual interests. This he received. It would be inconsistent with the purposes of collateral estoppel, which include conservation of judicial resources and prevention of harassment of litigants, to apply the rule of this case prospectively only.

The petition for rehearing is denied.

TONGUE, J., dissents.