Argued and submitted August 24, 1981, affirmed September 25, 1982

## WAKEHOUSE MOTORS, INC.
*Appellant,*

*v.*

## UNIVERSAL UNDERWRITERS INSURANCE COMPANY,
*Respondent.*

(No. A7909-04291, CA 19988)

639 P2d 715

David J. Sweeney, Portland, argued the cause for appellant. With him on the briefs was Gilbertson, Brownstein, Sweeney, Kerr & Grim, Portland.

John S. Folawn, Portland, argued the cause for respondent. With him on the brief were Lee S. Aronson, and Jensen, DeFrancq, Holmes & Schulte, Portland.

Before Buttler, Presiding Judge, Joseph, Chief Judge, and Holman, Senior Judge.*

# HOLMAN, S. J.

█

---

*   Holman, S. J., *vice* Warren, J.

## HOLMAN, S. J.

This is an action by an insured against its liability insurer for breach of contract in failing to defend an action brought against plaintiff by a third party[1] for interference with a prospective business relationship. Plaintiff appeals from a summary judgment for defendant.

It was contended in the action by the third party that plaintiff, by its interference, prevented an automobile manufacturer from fulfilling its plans to enfranchise the third party to sell the manufacturer's automobiles.

Defendant's obligation to plaintiff under its policy of liability insurance required it to pay (and to defend all claims for):

"All sums which the insured shall become legally obligated to pay as damages because of injury * * * arising out of one or more of the following offenses committed in the conduct of the named insured's business:

" * * * * *

"Group B - The Publication or Utterance of a Libel or Slander or of Other Defamatory or Disparaging Material, * * * ."

The third party's complaint against plaintiff alleged that plaintiff "exhorted" the automobile manufacturer to breach its "agreement to enter into a franchise contract" with the third party and that plaintiff "employed improper means" in doing so.

Plaintiff argues that an insurer owes a duty to its insured to defend when the complaint against the insured, even though ambiguous, states a cause of action which may lie within the coverage of the policy; that in order to prove a case under its complaint the third party needed only to prove that (1) it reasonably expected that it would receive a contract from the manufacturer, (2) plaintiff's interference prevented the contract's consummation and (3) plaintiff used improper means in preventing the consummation. Plaintiff contends that under the allegations of the third party complaint, the third party could have proved that plaintiff by its "exhortations" had libeled, slandered or

---

[1] The previous litigation was appealed. *See Ron Tonkin Gran Turismo v. Wakehouse Motors,* 46 Or App 199, 611 P2d 658, *rev den* 289 Or 373 (1980).

otherwise defamed it, thus bringing plaintiff's alleged transgressions within the coverage of the policy.

Plaintiff makes an interesting argument, which it is unnecessary to analyze, because the third party's complaint against plaintiff, in addition, undertook to particularize the "improper means" used by plaintiff.[2] These particulars limited the improper means available to the third party and foreclose any contention that they included any form of defamation, because they are devoid of any such claim.

The judgment of the trial court is affirmed.

---

[2] "Defendants employed improper means and/or acted in illegal restraint of competition in one or more of the following particulars:

"1) Attempted to monopolize the sale of Fiat automobiles in the City of Portland;

"2) Attempted to monopolize the sale of Fiat parts in the City of Portland;

"3) Monopolized the sale of Fiat automobiles in the City of Portland;

[sic]

"5) Persuaded Fiat Distributors to cancel its plans to grant plaintiff a franchise agreement so that defendants could maintain a high profit margin for each sale of Fiat automobiles;

"6) Joined with other Fiat automobile dealers to oppose and boycott the appointment of new dealers in the Portland area;

"7) Attempted to and succeeded in restricting the supply of Fiat automobiles available for sale to the public in the City of Portland;

"8) Attempted to and succeeded in restricting the supply of Fiat parts available for sale to the public in the City of Portland;

"9) Restrained trade in the sale of Fiat automobiles and parts in the City of Portland."