Argued April 5, reversed and remanded May 10, 1967

# KIRKENDALL, *Respondent, v.* KORSEBERG, *Appellant.*

427 P. 2d 418

*Paul D. Clayton,* Eugene, argued the cause for appellant. With him on the briefs were Luvaas, Cobb, Richards & Fraser, Eugene.

*Philip A. Levin,* Portland, argued the cause for respondent. With him on the brief were Pozzi, Levin & Wilson, Portland.

Before Perry, Chief Justice, and McAllister, Sloan, Denecke and Redding, Justices.

SLOAN, J.

Defendant appeals from a judgment for plaintiff in a personal injury action. The sole assignment of error is directed at the admission into evidence of a traffic citation which charged defendant's decedent with violating the basic rule and a notation on the citation by the district court judge that bail of $10 had been forfeited.

■ The exhibit was clearly inadmissible. ORS 484.150 prescribes the form of the Uniform Traffic Citation. ORS 484.190 (2)① permits a defendant who is not charged with a major traffic offense or a felony, to deliver to the court described in the citation a money order or check in the amount of bail set forth in the citation and "a statement of matters in explanation or mitigation of the offense charged;  *  *  *." ORS

---

① "In other cases, the defendant shall either appear in court at the time indicated in the summons, or prior to such time shall deliver to the court the summons, together with check or money order in the amount of the bail set forth in the summons, and inclosing therewith:

"(a) A request for a hearing; or

"(b) A statement of matters in explanation or mitigation of the offense charged; or

"(c) The executed appearance, waiver of hearing and plea of guilty appearing on the summons."

484.200 provides that this statement is a waiver of hearing and a consent to a judgment of the court forfeiting the bail.

The exhibit presented to the court in the instant case contained only the citation and the notation by the district court judge that bail was forfeited.

■■ In *Marshall v. Mullin,* 1958, 212 Or 421 at 425, 320 P2d 258, 261, we said this:

> " 'It is the general rule that a judgment of conviction or acquittal of a party charged with crime cannot be given in evidence in a civil action to prove or negative the facts upon which it was rendered.' *Jenkins v. Jenkins,* 103 Or 208, 215, 204 P 165. And, while there has been a tendency to relax the rule where evidence of a prior conviction is tendered, there is no tendency to change the rule as it applies to proof of a prior acquittal. See 18 ALR2d 1315, Acquittal § 6."

Whether or not we should follow the alleged tendency to relax the rule in respect to a conviction should not be decided in this case. A judgment forfeiting bail in a traffic case is not the equivalent of a judgment of conviction. We agree with the Washington court that this means of disposing of a traffic citation is used too frequently as a matter of convenience only to treat it as a plea of guilty. *Reynolds v. Donoho,* 1951, 39 Wash2d 451, 236 P2d 552.

The more difficult problem is to decide if it was prejudicial to admit the exhibit.

Although the evidence in this case strongly speaks of negligence on the part of Korseberg, it would not permit the court to direct a verdict in plaintiff's favor. The impact of the exhibit, therefore, cannot be ignored. It must have had some influence on the jury. Plaintiff

endorsed the importance of the exhibit by the presentation of evidence which was particularly directed at the relevance of the exhibit. We cannot affirmatively say the exhibit was not prejudicial. *Oien v. Bourassa,* 1960, 221 Or 359, 363, 351 P2d 703, 706.

Reversed and remanded.