Argued September 13, reversed December 1, 1971

# CASEY, *Respondent, v.* NORTHWESTERN SECURITY INSURANCE COMPANY, *Appellant.*

490 P2d 208

*Edward H. Warren,* Portland, argued the cause for appellant. With him on the briefs were Hershiser, Mitchell & Warren, Portland.

*J. Warren Rosacker,* Portland, argued the cause for respondent. On the brief were Glen McCarty and McCarty & Rosacker, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, TONGUE and HOWELL, Justices.

## DENECKE, J.

Plaintiff brought this action against his liability insurance carrier for the attorney's fee he incurred in defending himself against a personal injury claim.

Plaintiff was driving an automobile and he ran into one Shelton, allegedly causing injuries to Shelton. Because of this occurrence plaintiff was charged with assault with a dangerous weapon. Plaintiff pleaded not guilty; however, he was found guilty. The defendant insurance company knew this. Thereafter, Shelton sued plaintiff for personal injuries inflicted by assault and battery. The defendant rejected the tender of the defense of this action. Defendant's policy excluded coverage of intentionally inflicted injuries. Plaintiff's attorney consulted with Shelton's attorney and as a result Shelton's attorney amended his complaint and alleged both assault and battery and, in another count, negligence. Defendant again rejected the tender of the defense of the action. Plaintiff retained counsel for his defense and this action is for their fee. Defendant settled Shelton's action.

The trial court, sitting without a jury, found that the plaintiff had intentionally injured Shelton. The trial court was of the opinion, however, that because the amended complaint alleged a claim on the basis of negligence, which, if proved, would be covered by the insurance company, it had an obligation to defend plaintiff.

The trial court and counsel were of the opinion that two of our recent decisions hold the answer to the present problem.

In *Williams v. Farmers Mut. of Enumclaw*, 245 Or 557, 423 P2d 518 (1967), we departed from the usual rule we had followed that the duty to defend depends upon the allegations in the complaint against which the company is called upon to defend. In *Williams* the insured, Miller, pleaded guilty to a charge of assault with a dangerous weapon accomplished by intentionally driving his automobile into Williams. Williams then brought an action for personal injuries against the insured, Miller, alleging that Miller negligently injured him. The defendant had liability coverage on Miller for negligently inflicted injuries but not for intentionally inflicted injuries. The insurer declined the defense and a default judgment was taken against Miller. Williams brought an action to recover the amount of the judgment against Miller. The defendant insurer alleged that it did not have coverage because Miller intentionally injured Williams. The trial court held the defendant had a duty to defend Miller because the complaint alleged a negligently inflicted injury. From this premise the trial court followed the usual rule that when an insurer has a duty to defend, and it fails to defend, it is estopped from contesting the finding implicit in the judgment by

Williams against Miller that the injury was negligently inflicted.

We reversed, holding that the insurer would have a conflict of interest if it attempted to defend Miller. It would be to the insurer's interest to prove that Miller intentionally inflicted the injury, whereas, it would be to Miller's interest to show that he negligently inflicted the injury. We further held that the insurer would not be collaterally estopped, in an action by Miller against it, from contending that Miller intentionally inflicted the injuries upon Williams. This is because whether the insurer is an indemnitor for Miller is dependent upon whether Miller intentionally or negligently inflicted the injuries upon Williams and the insurer has a right to litigate this issue, independent of the lawsuit by Williams against Miller.

In *Ferguson v. Birmingham Fire Ins.*, 254 Or 496, 460 P2d 342 (1969), the complaint alleged an intentional tort for which there was no coverage. We held, nevertheless, that the insurer owed a duty to defend because under the allegations of the complaint the plaintiff could recover upon a negligence basis for which there was coverage. Likewise, we stated that if a complaint alleged in one count a wilful tort and in another a negligent tort, the insurer had a duty to defend. We also held that the insurer's failure to defend would not estop it from claiming in an action against it by its insured that the tort was intentional and, therefore, it had no coverage. We adopted the rule that a failure of an indemnitor to defend its indemnitee estops the indemnitor in a subsequent indemnity action only if the interests of the indemnitor or indemnitee were identical and not conflicting. 254 Or at 510.

*Ferguson* has modified *Williams* to the extent that under *Ferguson* the insurer cannot refuse to defend because of a conflict of interest. The conflict does not exist because according to both *Williams* and *Ferguson* the insurer will not be collaterally estopped in the action against it by its insured from contending that it has no coverage because the insured intentionally inflicted the damage. Neither case, however, turned upon the significant fact found in the present case that the insured had been found guilty of committing an intentionally criminal act. A plea of guilty to an intentionally criminal act was part of the facts in *Williams;* however, the decision did not rely upon that.

■ The insurer has a duty to defend only if the claim made against the insured is one covered by the insurer. *MacDonald v. United Pacific Ins. Co.,* 210 Or 395, 399, 311 P2d 425 (1957).

■ The difficulty arises when there is doubt as to coverage. This doubt sometimes cannot be resolved until a judgment is entered in litigation between the insured and the insurer. This is too late; the lawsuit by the injured party has been filed and probably gone to judgment before this time. The insurer has contracted with its insured to defend him. This benefit to the insured would be curtailed if it could be withheld in the event of a dispute about coverage. For this reason we have adopted the rule that in the absence of any compelling evidence of no coverage, the insurer owes a duty to defend if the injured claimant can recover under the allegations of the complaint upon any basis for which the insurer affords coverage.

In the instant case, when Shelton filed his injury complaint, there was evidence that the defendant

did not cover Shelton's claim. In a criminal proceeding the finder of fact found beyond a reasonable doubt that the insured intentionally injured Shelton. If that finding is binding upon the plaintiff in any subsequent action against his insurer, the insurance company has no coverage. No coverage being uncontrovertibly established, the insurer has no obligation to defend.

This court has previously stated or held: "* * * [T]hat a judgment of conviction or acquittal of a party charged with crime cannot be given in evidence in a civil action to prove or negative the facts upon which it was rendered: * * *." *Jenkins v. Jenkins,* 103 Or 208, 215, 204 P 165 (1922). In more modern judicial language, the same principle is stated that a convicted party is not collaterally estopped in a civil proceeding from relitigating an issue decided against him in the criminal trial. In more recent cases we have acknowledged a tendency to relax this rule; however, we previously have not been called upon to do so. *Marshall v. Mullin,* 212 Or 421, 425, 320 P2d 258 (1958); *Kirkendall v. Korseberg,* 247 Or 75, 77, 427 P2d 418 (1967).

A prime reason for the older rule was the existence of the doctrine requiring the mutuality of estoppel. *Jenkins v. Jenkins,* supra (103 Or at 215); *Teitelbaum Furs, Inc. v. Dominion Insurance Company,* 559, 58 Cal2d 601, 25 Cal Rptr 559, 375 P2d 439, 440 (1962). We rejected that doctrine in *Bahler v. Fletcher,* 257 Or 1, 474 P2d 329 (1970). That decision holds that one not a party or a privy with a party in the initial civil action can assert that a party to the action is subsequently estopped to contest an issue found adversely to him in the first action. Thus, there is now no mutuality of estoppel argument to prevent the insurer, a

stranger to the criminal proceeding, in the action brought by the insured against it, from contending that the insured is estopped to assert that he did not intentionally injure Shelton because that issue was decided against the insured in his criminal trial.

*Teitelbaum Furs, Inc. v. Dominion Insurance Company,* supra (25 Cal Rptr 559), precisely so held. The insured corporation president was found guilty of theft and the filing of false insurance claims. The corporation sought to recover from the company carrying its theft insurance. The court held for the insurer: "* * * [W]e hold that any issue necessarily decided in a prior criminal proceeding is conclusively determined as to the parties if it is involved in a subsequent civil action." 375 P2d at 442. Mr. Justice Traynor commented:

> "* * * To preclude a civil litigant from relitigating an issue previously found against him in a criminal prosecution is less severe than to preclude him from relitigating such an issue in successive civil trials, for there are rigorous safeguards against unjust conviction, including the requirements of proof beyond a reasonable doubt (Code Civ. Proc. § 2061) and of a unanimous verdict (Pen. Code, § 1164), the right to counsel (In re James, 38 Cal.2d 302, 240 P.2d 596), and a record paid for by the state on appeal (Cal. Rules of Court, rule 33). Stability of judgments and expeditious trials are served and no injustice done, when criminal defendants are estopped from relitigating issues determined in conformity with these safeguards." 375 P2d at 441.

The Pennsylvania Superior Court in *Mineo v. Eureka Security Fire & Marine Ins. Co.,* 182 Pa Super 75, 125, 125 A2d 612 (1956), likewise held that the issues decided against a party in a criminal proceeding

are conclusive against the party in a subsequent civil proceeding. The insured was convicted of arson. Because of the conviction the insured was barred from recovering on his fire insurance policy. Accord, *Pennsylvania Turn. Com'n v. United States F. & G. Co.*, 412 Pa 222, 194 A2d 423, 426 (1963); *Hurtt v. Stirone*, 416 Pa 493, 206 A2d 624, 625 (1965). California and Pennsylvania's position is supported in Vestal and Coughenour, *Preclusion/Res Judicata Variables: Criminal Prosecutions*, 19 Vand L Rev 683, 804-816 (1966). For other decisions pro and con see Annotation, 18 ALR2d 1287 (1951).

■ We hold that Casey's conviction for injuring Shelton conclusively established that the injury was intentionally inflicted and, therefore, Casey's liability was not covered by the defendant. When the defendant was called upon to defend the civil action, it had no duty to defend because it uncontrovertibly had been established that the defendant had no coverage. The judgment for plaintiff accordingly was in error.

Reversed.