Argued and submitted November 26,
reversed and remanded December 31, 1979,
respondents Firestone Tire & Rubber Company's and
Grant Motors, Inc.'s reconsideration denied January 31,
respondents Mansells' reconsideration denied February 14,
respondents Firestone Tire & Rubber Company's and
Grant Motors, Inc.'s petition for review denied
February 12 (288 Or 527), respondents Mansells' petition
for review denied February 26, 1980 (288 Or 633)

# RYNEARSON,
*Appellant,*

*v.*

# FIRESTONE TIRE & RUBBER
## COMPANY, et al, *Respondents,*
### (No. 74-4170, CA 13696)

607 P2d 738

Daniel W. Goff, Eugene, argued the cause for appellant. On the brief were Douglas A. Brown and Husband, Johnson, Fechtel & Goff, Eugene.

James H. Clarke, Portland, argued the cause for respondents Firestone Tire & Rubber Company and Grant Motors, Inc. With him on the brief were Spears, Lubersky, Campbell & Bledsoe, Edwin A. Harnden and Frank M. Parisi, Portland.

Edward V. O'Reilly, Eugene, argued the cause and filed the brief for respondents Edward E. Mansell and Darrell J. Mansell, dba Mansell Recapping.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

TANZER, P. J.

## TANZER, P. J.

Plaintiffs appeal from an order granting judgment for defendants on the grounds of collateral estoppel. We reverse.

The cause of action arose from an accident allegedly caused by a defective tire of an automobile in which plaintiff was a passenger. Plaintiff and the representative of the driver's estate, Steven Bevard, retained the same attorney who filed separate actions on their behalf against these defendants. Except for allegations pertaining to injuries the complaints were identical and charged the defendants with product liability. The depositions of the expert witnesses were consolidated for use in both actions and plaintiff and Bevard shared in their cost.

The wrongful death action was tried first, and the jury found for the defendants. Defendants then filed a supplemental answer to plaintiff's complaint, raising the affirmative defense of collateral estoppel. It alleged that plaintiff had testified in the previous action, that plaintiff's attorney, acting as Bevard's attorney, had controlled the previous action, that the witnesses at plaintiff's trial would be the same as at the previous trial, that all the allegations in plaintiff's complaint except those relating to injury were identical to those previously litigated, and that the jury had returned a verdict in defendants' favor in the previous case. Plaintiff admitted these allegations, except that he denied his witnesses would be the same as those in the Bevard trial. (Plaintiff testified that he would call a different expert witness.) The court concluded that collateral estoppel applied and ordered judgment for the defendants.

The Oregon law of collateral estoppel is stated in the Supreme Court opinions in *Gaul v. Tourtellotte*, 260 Or 14, 488 P2d 416 (1970), and *Jones v. Mitchell Brothers Truck Lines*, 273 Or 430, 541 P2d 1287, *on rehrg* 274 Or 109, 544 P2d 1039 (1976). In *Gaul v.*

*Tourtellotte,* the Supreme Court held that the party to be estopped must have been a party or in privity with a party in the first action. Privies include those whose interests are represented by a party in the first action, successors in interest to those with derivative claims, and those who control the conduct of the first case. In *Jones v. Mitchell Brothers Truck Lines*, the Supreme Court eschewed any requirement that one estopped must have a financial interest in the first action. Rather, regardless of privity, one who had the opportunity in a previous action to control the action so that he had "one fair and complete opportunity to litigate the issues in the most beneficial manner to his individual interests" should be collaterally estopped from relitigating the issue. *Jones v. Mitchell Brothers Truck Lines,* 274 Or at 113. As the opinion on rehearing emphasizes, "control" is the critical condition of estoppel. Thus, the present state of the Oregon law of collateral estoppel is that every party or his privy has as a matter of right one opportunity to litigate—no more, no less.

The conditions permitting collateral estoppel do not exist in this case. Plaintiff was neither a party nor in privity with a party in the prior case. Plaintiff had not and could not have controlled the prior litigation. It is true that his attorney conducted Bevard's suit but, as the answer alleges, the attorney did so in his capacity "as attorney for the plaintiff therein," not as attorney for this plaintiff. Plaintiff's role in *Bevard v. Firestone,* so far as it reflects on control, was merely as a witness. He could not direct the course of litigation as the husband, as guardian for his incompetent wife, did in *Jones v. Mitchell Brothers Truck Lines.* Hence, he did not have any degree of control necessary for him to have had a fair and complete opportunity to litigate the issue of liability.

Defendants contend that when the issue itself has been fully presented, advocated and adjudicated in a prior action, a person's interest has been adequately

represented regardless of actual right of control, and thus the issue should be foreclosed from relitigation. Nothing can be gained and judicial resources can be squandered, they argue, from going over the same ground.

There is much respectable authority for defendants' contention.[1] The law in this state, however, does not extend as far as defendants would wish it to, and it is not within our authority to expand upon it.

Reversed and remanded.

---

[1] *See Friedenthal v. Williams*, 271 F Supp 524 (ED La 1967), *aff'd per curiam* 395 F2d 202 (5th Cir 1968); *Cauefield v. Fidelity & Casualty Co.*, 378 F2d 876 (5th Cir), *cert den* 389 US 1009 (1967); *Waitkus v. Pomeroy*, 506 P2d 392 (Colo App 1972) *rev'd on other grounds* 517 P2d 396 (Colo 1973); A. Vestal, *Res Judicata/Preclusion*, 1969; Note, *Collateral Estoppel of Nonparties*, 87 Harv L Rev 1485 (1974). *But cf. Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 US 313, 329, 91 S Ct 1434, 28 L Ed 2d 788 (1971); *Hansberry v. Lee*, 311 US 32, 61 S Ct 115, 85 L Ed 22 (1940).