Argued and submitted December 29, 1982, reversed and remanded
January 25, 1983

# STATE FARM FIRE AND CASUALTY COMPANY,

*Petitioner on review,*

*v.*

# REUTER,

*Defendant,*

*and*

# BULLEN,

*Respondent on review.*

(TC 16-80-07796, CA A22866, SC 28979)

657 P2d 1231

Daniel M. Holland, Eugene, argued the cause and filed the petition for petitioner on review. With him on the brief was Jaqua, Wheatley, Gallagher & Holland, P.C., Eugene.

James C. Jagger, Eugene, argued the cause for respondent on review. With him on the briefs was Jagger & Holland, Eugene.

Before Lent, Chief Justice, and Linde, Peterson, Campbell, Roberts and Carson, Justices, and Jones, Justice pro tempore.

JONES, J.

## JONES, J.

This case is before us on a petition by State Farm Fire and Casualty Company for a review of the decision by the Court of Appeals which held *sua sponte* that the insurance company's action for a declaratory judgment presented no justiciable controversy between a rape victim and the insurance company which had issued a homeowner's policy to the convicted rapist's parents. The Court of Appeals decision reversed the circuit court's granting of a summary judgment in favor of the insurance company.

The facts as stated by the Court of Appeals are not in dispute:

"Defendant Reuter was charged in Lane County Circuit Court with knowingly committing the crime of rape after he attacked defendant Bullen. Reuter pleaded not guilty by reason of mental disease or defect and was found guilty in a jury trial of rape in the first degree. Bullen then brought a civil action against Reuter for her damages caused by the rape. She alleged that the attack took place while Reuter was suffering from a mental disorder that caused him to be unable to conform his behavior to the requirements of the law.

"Defense of that action was tendered to plaintiff, which had in effect at the time of the rape a homeowner's liability policy under which Reuter's parents were the named insureds. That policy contained an exclusion for "bodily injury or property damage which is either expected or intended from the standpoint of the insured." Plaintiff brought this declaratory judgment action naming Reuter and Bullen as defendants. It claimed that there was no coverage because of the above-quoted policy exclusion and sought a declaration of the rights of the parties. In support of its motion for summary judgment, plaintiff claimed that defendants were estopped by the criminal proceedings in which Reuter was found guilty of first degree rape to claim that the rape was anything but an intentional act excluded by the policy.

"The trial court granted summary judgment in favor of plaintiff. Only Bullen appeal[ed]."

The requirement that there be a justiciable case or controversy is not less strict in a declaratory judgment proceeding than in any other type of litigation. *Brown v. Oregon State Bar,* 293 Or 446, 648 P2d 1289 (1982).

In order to invoke the provisions of ORS 28.010 *et seq.*,[1] a justiciable controversy must exist. *Oregon Medical Assn. v. Rawls,* 276 Or 1101, 1107, 557 P2d 664 (1976). As we stated in *Brown,* 293 Or at 449, "[j]usticiability is a vague standard but entails several definite considerations." To be a justiciable controversy there must be parties having existing and genuine rights or interests; controversy on which judgment may effectively operate; controversy of a nature as to lend itself to final judgment in law or equity on rights, status or other legal relationships of one or more of real parties in interest; and the proceedings must be genuinely adversary in character as to engender thorough research and analysis of major issues. A declaratory judgment normally does not bind any nonjoined party. *Farmers Ins. Co. v. Lotches,* 276 Or 81, 85, 554 P2d 169 (1976). To issue declaratory relief, the court must have jurisdiction over the subject matter.

The case before us involves the use of the declaratory judgment proceeding[2] to construe a liability policy where there are legitimate questions of coverage or noncoverage arising under the policy issued for the protection of the insured against the claims of third persons sustaining injury or damage. The policy excludes coverage for "bodily injury or property damage which is either expected or intended from the standpoint of the insured."

A declaratory judgment action has been held to be a proper proceeding to determine whether the insurer is obligated to defend and indemnify the insured as regards a pending action against him where the policy excluded liability for damages arising out of the performance of a criminal act, *Aetna Casualty & Surety Co. v. Yeatts,* 99 F2d

---

[1] ORS 28.010 provides:

"Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree."

[2] ORS 28.110 provides:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. * * *"

665 (4th Cir 1938).[3] In a like situation it has been held to be a proper proceeding where the insurer contended that the defendant named insureds fell within an "intentional injury" exclusion, *Pawtucket Mut. Ins. Co. v. Lebrecht,* 104 NH 465, 190 A2d 420, 2 ALR3d 1229 (1963). In *Pawtucket,* the insurer instituted a declaratory judgment[4] action against, among others, the named insureds, husband and wife, to determine the rights and obligations of the parties under the comprehensive personal liability coverage of a homeowner's policy with regard to an assault against a third person by the insureds' son which had resulted in the institution of suits against the named insureds on the basis of their alleged negligent upbringing of their son. One of the insurer's contentions was that liability coverage for the assault, an intentional act, was excluded under the provisions of the policy.

■ We agree with the Tenth Circuit's discussion of the propriety of joining potential third party claimants:

"* * * The purpose of the declaratory judgment action is to settle actual controversies before they have ripened into violations of law or legal duty or breach of contractual obligations. In declaratory actions brought to determine coverage under insurance policies issued to protect the

---

[3] Declaratory judgments in federal courts are authorized by 28 USC § 2201 as revised:

"In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1954 or a proceeding under section 505 or 1146 of title 11, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

[4] New Hampshire's declaratory judgment statute is codified as RSA 491:22:

"Any person claiming a present legal equitable right or title may maintain a petition against any person claiming adversely to such right or title, to determine the question as between the parties, and the court's judgment or decree thereon shall be conclusive. No petition shall be maintained under this section to determine coverage of an insurance policy unless it is filed within six months after the filing of the writ which gives rise to the question; provided, however, that the foregoing prohibition shall not apply where the facts giving rise to such coverage dispute are not known to, or reasonably discoverable by, the insurer until after expiration of such six month period, and provided, further, that the superior court may permit the filing of such a petition after such period upon a finding that the failure to file such petition was the result of accident, mistake or misfortune and not due to neglect."

insured against liability to third persons, third persons asserting such liability have been held to be proper parties to a declaratory judgment proceeding, although their claims against the insurer are contingent upon recovery of a judgment against the insured. * * *" *Franklin Life Ins. Co. v. Johnson,* 157 F2d 653, 658 (10th Cir 1946).

The United States Supreme Court has held that in an action by an insurance company to determine its liability under a liability insurance policy, third parties asserting claims against the insured are proper parties. *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 US 270, 273-74, 61 S Ct 510, 85 L Ed 826 (1941).

In the case before us the insurance company joined Bullen in its complaint for declaratory judgment against Reuter. It seeks a declaration of its rights, obligations and responsibilities pursuant to the policy. The Court of Appeals takes the position that the plaintiff's complaint does not allege a present controversy between plaintiff and Bullen. We disagree.

■ Bullen has claims which may, and probably will, be vitally affected by the declaration in this case, for if she recovers judgment against Reuter, she will have the right[5] to compel the plaintiff to pay the judgment unless in some proceeding binding on Bullen the plaintiff establishes its nonliability as insurer at the time of the rape. Were Bullen not made a party herein, the declaration sought by plaintiff could not be asserted to the prejudice of Bullen's rights.[6]

---

[5] ORS 743.783 provides:

"* * * 'Bankruptcy or insolvency of the insured shall not relieve the insurer of any of its obligations hereunder. If any person or his legal representative shall obtain final judgment against the insured because of any such injuries, and execution thereon is returned unsatisfied by reason of bankruptcy, insolvency or any other cause, or if such judgment is not satisfied within 30 days after it is rendered, then such person or his legal representatives may proceed against the insurer to recover the amount of such judgment, either at law or in equity, but not exceeding the limit of this policy applicable thereto.' "

[6] In a declaratory judgment action "the ultimate question of the insured's liability to the injured party is not the issue before the court." *Thornton v. Paul,* 74 Ill 2d 132, 157, 384 NE2d 335 (1978). We agree. But there can be little disagreement that injured claimants have substantial rights in the extent of coverage, if any, particularly in light of direct action statutes and thus their interests generally may not be defeated if they are not made parties defendant. *Davidson v. Comet Casualty Co.,* 89 Ill App 3d 720, 724, 412 NE2d 19 (1980).

Consequently, third party damage claimants, such as the victim in this case, are proper parties.[7] A frequently cited case to this effect is *Trinity Universal Ins. Co. v. Willrich,* 13 Wash 2d 263, 124 P2d 950, 142 ALR 1 (1942). In *Trinity,* plaintiff insurance company instituted an action under Washington's Uniform Declaratory Judgment Act seeking adjudication of its rights and liabilities arising out of an automobile liability insurance policy. The insurance company joined as additional defendants certain other persons who at the time were claiming damages from insured. The court held that the third party claimants were proper parties.

The Court of Appeals misplaces its confidence in *Hale v. Fireman's Fund Ins. Co. et al,* 209 Or 99, 302 P2d 1010 (1956). In *Hale,* the plaintiff was an injured person who had sued the defendants' insureds. The lawsuit was pending. The plaintiff sought a declaratory judgment that the defendants' policy extended coverage to the plaintiff's claim against the defendants' insureds. The insureds were *not* parties. In holding that jurisdiction did not exist, we stated:

> "It must be apparent that the rights which the plaintiff says he possesses against the two defendant insurance companies are contingent. He may never win a judgment in the tort action. The defendant insurance companies are not required to do anything concerning the plaintiff until a judgment is entered in his favor against the Smiths and remains unsatisfied for thirty days. The situation does not reveal a controversy 'of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' The quoted words are taken from *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* supra.

---

[7] ORCP 29A. provides:

"A person who is subject to service of process shall be joined as a party in the action if (1) in that person's absence complete relief cannot be accorded among those already parties, or (2) that person claims an interest relating to the subject of the action and is so situated that the disposition in that person's absence may (a) as a practical matter impair or impede the person's ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of their claimed interest. If such person has not been so joined, the court shall order that such person be made a party. If a person should join as a plaintiff but refuses to do so, such person shall be made a defendant, the reason being stated in the complaint."

"The authorities above reviewed demand that, under the circumstances averred in the complaint, we must hold that the pleading submits no actual controversy. The circuit court properly sustained the demurrer to the complaint." *Id.* at 113.

The instant case can be readily distinguished from *Hale* for a number of reasons:

1. The plaintiff is the insurer.

2. In addition to the claimant, the insured is also a party.

3. A present controversy exists between the plaintiff and its insured as to the plaintiff's duty to defend its insured in the pending personal injury case.

In the case at bar there exists a current justiciable controversy between the insurer and its insured. Accordingly, we hold that the third party claimant is a proper party in this declaratory action.[8]

■ ■  Insurance companies should not be allowed to procrastinate when it comes time to fulfill their obligations under a policy. On the other hand they should not be precluded from seeking a declaration of their rights and liabilities against potential third party claimants. It is proper for insurance companies to join all potential third party claimants in a declaratory judgment action. Adjudication of the rights and liabilities in a single action is simply a prudent policy which can facilitate possible settlements, reduce spurious lawsuits, and clarify the rights of third party claimants who are contemplating direct action suits against insurance companies.

Counsel for the respondent on review as much as conceded in oral argument before us that this case was ripe for declaratory judgment:

"I guess I need to preface initially my position in this case. In a way I am really asking the same thing that Mr. Holland is asking to a certain extent and that is that I

---

[8] "Persons who have been injured in an automobile accident are certainly proper parties to a suit by the liability insurer to determine the coverage of its policy, and the better rule would seem to be that they are both proper and necessary parties to the maintenance of the suit." 20 Appleman, Insurance Law & Practice 166-68 (1963).

prefer that really the Court of Appeals be reversed and that the situation be remanded to the Court of Appeals for further consideration on the merits * * *."

Accordingly, we find that a justiciable controversy exists and the trial court has jurisdiction over the subject matter of the controversy. In this case declaratory relief is particularly appropriate to determine the liabilities of the insurer.

The Court of Appeals is reversed and this case is remanded to the Court of Appeals for consideration on the merits.