On remand from the Oregon Supreme Court, January 25, 1983,
reversed and remanded May 2, reconsideration denied June 15,
petition for review allowed July 10, 1984 (297 Or 458)
See 299 Or 155, 700 P2d 236 (1985)

# STATE FARM FIRE AND CASUALTY COMPANY,
*Respondent,*

*v.*

# REUTER,
*Defendant,*
# BULLEN,
*Appellant.*

## (16-80-07796; CA A22866)

680 P2d 1000

James C. Jagger, Eugene, appeared for appellant. With him was Jagger & Holland, Eugene.

Daniel M. Holland, Eugene, appeared for respondent. With him was Jaqua, Wheatley, Gallagher & Holland, P.C., Eugene.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

This case is a declaratory judgment proceeding before us on remand from the Supreme Court, which determined that a justiciable controversy is presented and that the trial court, and this court, had jurisdiction to determine plaintiff's liability.[1] We reverse and remand.

The facts, as we stated in our original opinion, are:

"Defendant Reuter was charged in Lane County Circuit Court with knowingly committing the crime of rape after he attacked defendant Bullen. Reuter pleaded not guilty by reason of mental disease or defect and was found guilty in a jury trial of rape in the first degree. Bullen then brought a civil action against Reuter for her damages caused by the rape. She alleged that the attack took place while Reuter was suffering from a mental disorder that caused him to be unable to conform his behavior to the requirements of the law.

"Defense of that action was tendered to plaintiff, which had in effect at the time of the rape a homeowner's liability policy under which Reuter's parents were the named insureds. That policy contained an exclusion for 'bodily injury or property damage which is either expected or intended from the standpoint of the insured.' Plaintiff brought this declaratory judgment action naming Reuter and Bullen as defendants. It claimed that there was no coverage because of the above-quoted policy exclusion and sought a declaration of the rights of the parties. In support of its motion for summary judgment, plaintiff claimed that defendants were estopped by the criminal proceedings in which Reuter was found guilty of first degree rape to claim that the rape was anything but an intentional act excluded by the policy.

"The trial court granted summary judgment in favor of plaintiff. Only Bullen appeals." 59 Or App at 105.

In *Casey v. N. W. Security Ins. Co.,* 260 Or 485, 491 P2d 208 (1971), the court held that an insured who had been convicted of intentional assault could not require his insurer to defend a later civil suit by the victim of the attack. The court stated:

---

[1] Our holding in *State Farm Fire & Cas. v. Reuter,* 59 Or App 103, 650 P2d 172 (1982), that no justiciable controversy was presented was reversed by the Supreme Court. 294 Or 446, 657 P2d 1231 (1983).

"We hold that Casey's conviction for injuring Shelton conclusively established that the injury was intentionally inflicted and, therefore, Casey's liability was not covered by the defendant. When the defendant was called upon to defend the civil action, it had no duty to defend because it uncontrovertibly had been established that the defendant had no coverage." 260 Or at 492.

The question presented in this case is whether the victim of such an attack is also bound by the determination that an act was intentionally done.

The requirements for the application of the doctrine of collateral estoppel were established in *Bahler v. Fletcher,* 257 Or 1, 474 P2d 329 (1970), in which the court expressed approval of the following:

" "* * * [T]here are but two necessary requirements for the invocation of the doctrine of collateral estoppel. There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and second, there must have been a full and fair opportunity to contest the decision now said to be controlling.' * * *" 257 Or at 20.

■　　In this case, although defendant argues to the contrary, we are satisfied that there is the required identity of issue presented. Reuter was charged with knowingly committing the crime of first degree rape and was convicted. ORS 161.085 provides that "knowingly"

"when used with respect to conduct or to a circumstance described by a statute defining an offense, means that a person acts with an awareness that his conduct is of a nature so described or that a circumstance so described exists."

An attack that was "knowingly" committed must be, under the policy, "either expected or intended from the standpoint of the insured."

■　　Whether there was a full and fair opportunity to contest the decision is a more difficult question. Collateral estoppel may only be invoked *against* one who was a party or in privity with a party to the action in which the original decision was made. *Jones v. Flannigan,* 270 Or 121, 526 P2d 543 (1974); *Gaul v. Tourtellotte,* 260 Or 14, 488 P2d 416 (1971). Bullen was not a party to the criminal action in which Reuter

was convicted of first degree rape. She may only be bound if she was in privity with a party to that proceeding.

"Individuals in privity with named parties include those who control an action though not a party to it; those whose interests are represented by a party to the action; and successors in interest to those having derivative claims. *Gaul v. Tourtellotte, supra,* at 20 * * *." *Jones v. Flannigan, supra,* 270 Or at 124.

In *Rynearson v. Firestone Tire,* 43 Or App 943, 607 P2d 738 (1979), *rev den* 288 Or 527 (1980), we held that the plaintiff "did not have any degree of control necessary for him to have had a fair and complete opportunity to litigate the issue of liability." 43 Or App at 946. There the plaintiff was a passenger in an automobile which was involved in an accident that was allegedly caused by a defective tire. The driver of the automobile was killed. The personal representative of the driver's estate and the plaintiff retained the same attorney. The plaintiff testified in the wrongful death case, which was tried first. The jury returned a verdict for the defendants. The defendants, by supplemental answer, then raised the affirmative defense that the plaintiff was collaterally estopped from relitigating the issue of liability. We concluded that using the same attorney and testifying in the first trial was insufficient control to preclude the plaintiff from having *his* one opportunity to litigate. We also rejected the defendants' contention that "when the issue itself has been fully presented, advocated and adjudicated in a prior action, a person's interest has been adequately represented regardless of the actual right of control." 43 Or App at 946.

Here, presumably, Bullen testified on behalf of the state at Reuter's criminal trial. The district attorney, not counsel chosen by her, prosecuted that action. We cannot say that she controlled the litigation or that she was represented by the district attorney in any sense other than as the representative of the state in prosecuting criminal cases.

Control of the prior litigation is the critical factor in determining whether a person is collaterally estopped. *Jones v. Mitchell Bros. Truck Lines,* 273 Or 430, 541 P2d 1287, *reh den* 274 Or 109, 112, 544 P2d 1039 (1976). Bullen lacked sufficient control of Reuter's prosecution to support a conclusion that she was in privity with the state. Because one of the

two requirements needed to invoke collateral estoppel is missing, we hold that she is not estopped.[2]

The trial court erred when it granted summary judgment to plaintiff. Bullen is entitled to litigate the issue of Reuter's mental state, because she was neither a party nor in privity with a party in the criminal case.

Reversed and remanded.

---

[2] In *State Farm v. Century Home,* 275 Or 97, 550 P2d 1185 (1976), the court discussed which party has the burden of proving that estoppel should apply. "[T]he party asserting estoppel bears the responsibility of placing into evidence the prior judgment and sufficient portions of the record, including the pleadings, exhibits, and reporter's transcript of the testimony and proceedings, to enable the court to reach [the conclusion that estoppel applies] with the requisite degree of certainty." 275 Or at 104. Here, plaintiff failed to produce any evidence from the criminal trial regarding Reuter's mental state, nor did it produce any evidence regarding Bullen's participation in that case. Based on the evidence·produced, we cannot say that plaintiff met its burden of proof. *State Farm v. Century Home, supra; see also Biddle v. Biddle,* 166 NJ Super 1, 6, 398 A2d 1297 (1979).