951 F.2d 358
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ALLSTATE INSURANCE COMPANY, an Illinois Corporation,
Plaintiff-Appellee,
v.
Rose Marie BELEZOS; Thomas Belezos, Defendants-Appellants,
and
Lovejoy Specialty Hospital, Inc., Defendant.
 No. 90-35633.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1991.
Decided Dec. 24, 1991.
 
 Before TANG, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Allstate Insurance Company ("Allstate") filed a declaratory judgment action in federal district court in August 1989, seeking a ruling that it has no duty to defend or indemnify Rosemary Belezos in the Oregon state court action filed against her and other anti-abortion protestors by Lovejoy Specialty Hospital ("Lovejoy"). The district court granted summary judgment for Allstate, holding that neither the Belezoses' homeowners policy nor their umbrella excess liability insurance policy required Allstate to defend or indemnify Rosemary Belezos. Rosemary and Thomas Belezos appeal. We affirm.
 
 DISCUSSION
 I. The Homeowners Insurance Policy
 
 3
 Under the Belezoses' policies, Allstate bears two independent duties--one to defend and one to indemnify conduct covered by the insurance contract. "The obligation of an insurer to defend and the obligation to pay all or part of a judgment against the insured are separate matters." Paxton-Mitchell Co. v. Royal Indem. Co., 569 P.2d 581, 583 (Or.1977). Because Allstate's duties independently attach (if at all) to Rosemary Belezos's conduct, they will be analyzed separately.
 
 A. Duty to Defend
 
 4
 The allegations of the Lovejoy complaint alone determine whether Allstate must defend Rosemary Belezos:
 
 
 5
 Whether the insurer is required to defend an action brought against its insured depends upon whether it is possible under the complaint to impose liability for conduct or damage covered by the policy.
 
 
 6
 Id. at 583-84. Ambiguous allegations will activate the duty to defend if they may reasonably be interpreted to encompass behavior or damages covered by the policy. Id. at 584. Consequently, even if on its face a complaint alleges only conduct excluded from coverage, Allstate's duty to defend will remain so long as the complaint, without amendment, could reasonably be interpreted to impose liability for conduct covered by the policy. Ferguson v. Birmingham Fire Ins. Co., 460 P.2d 342, 347 (Or.1969); see also Cooper v. Commonwealth Land Title Ins. Co., 699 P.2d 1128, 1129 (Or.Ct.App.), review denied, 704 P.2d 513 (Or.1985).
 
 
 7
 A party's knowledge of facts not alleged in the complaint that would either impose or relieve the insurer's duty to defend "is irrelevant in determining the existence of the duty to defend." Ferguson, 460 P.2d at 346; see also Blohm v. Glens Falls Ins. Co., 373 P.2d 412, 415 (Or.1962) ("[W]e are not permitted to indulge in what the ultimate facts may show which might or might not bring the incident within the liability terms of the policy, but only to inquire whether or not upon fair interpretation of the complaint, a liability may exist under the terms of the policy."); Oregon Ins. Guar. Ass'n v. Thompson, 760 P.2d 890, 893 n. 5 (Or.Ct.App.1988), review denied, 767 P.2d 443 (Or.1989). Only if the complaint is actually amended to incorporate external facts will those facts influence the existence of a duty to defend. See Thompson, 760 P.2d at 893.
 
 1. Property Damage
 
 8
 The district court found that Allstate had no duty to defend under the homeowners policy because the damages Lovejoy seeks are not for "property damage" as that term is defined by the policy. The only monetary damages (besides punitive damages) Lovejoy requests is the $9,309 it spent to enhance security at the hospital. The district court concluded that these security expenditures did not qualify, in the words of the policy, as "physical injury to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction." We agree and, accordingly, affirm for the reasons outlined in the district court's decision. Allstate Ins. Co. v. Belezos, No. 89-837-RE (D.Ore. July 10, 1990). See also Wyoming Sawmills, Inc. v. Transportation Ins. Co., 578 P.2d 1253, 1256 (Or.1978); Milgard Mfg., Inc. v. Continental Ins. Co., 759 P.2d 1111, 1112 (Or.Ct.App.1988); General Ins. Co. v. Western Am. Dev. Co., 603 P.2d 1245, 1247 (Or.Ct.App.1979).
 
 2. Accident
 
 9
 The district court alternatively ruled that Allstate had no duty to defend Rosemary Belezos because Rosemary Belezos's own deposition testimony and Lovejoy's allegations precluded a determination that her conduct was accidental. The policy expressly limits Allstate's responsibility to "damages ... arising from an accident." Criminal actions (whether or not the insured is convicted of a crime) and actions intended to cause injury are expressly excluded from coverage. Rosemary Belezos argues that, because she did not subjectively intend to harm Lovejoy, the exclusions are inapplicable and Allstate should be required to defend the suit.
 
 
 10
 The district court correctly noted that the complaint's allegations are limited to charges of intentional conduct. On its face, no cause of action for negligence or other less culpable conduct is stated. Normally, however, Oregon courts would still require Allstate to defend Rosemary Belezos, notwithstanding the narrowness of Lovejoy's allegations. The test, after all, is what theories of relief reasonably could be encompassed within the complaint. See, e.g., Ross Island Sand & Gravel Co. v. General Ins. Co. of Am., 472 F.2d 750, 752 (9th Cir.1973); Ferguson, 460 P.2d at 347; Paxton-Mitchell, 569 P.2d at 584.
 
 
 11
 However, in cases where the insured's conduct has already been the subject of a criminal prosecution, Oregon has carved out an exception to its rule of generously interpreting complaints. In Casey v. Northwestern Sec. Ins. Co., 491 P.2d 208 (Or.1971), the Oregon Supreme Court held that the insurance company had no duty to defend because the insured's prior criminal conviction for the same conduct at issue in the civil action "conclusively established that the injury was intentionally inflicted and, therefore, Casey's liability was not covered by the defendant." Id. at 211. That the complaint could reasonably encompass an action for negligence was not relevant because it "uncontrovertibly had been established that the defendant had no coverage." Id.; see also Thompson, 760 P.2d at 893 ("When defendant first tendered the defense to plaintiff in May, 1982, the contempt judgment 'uncontrovertibly established' that the trespass was intentional and, therefore, was outside the scope of the policy's coverage. Thus, plaintiff had no duty to defend against the counterclaim as originally pleaded, and it properly refused to do so.").
 
 
 12
 Lovejoy's complaint alleges intentional trespasses and nuisances by the defendants from 1986 to the present. In 1986, Rosemary Belezos was convicted of criminal trespass for occupying an operation room at Lovejoy. In early 1987, she violated her probation by again trespassing on Lovejoy property and was briefly jailed. Under Casey and Thompson, for purposes of defining the insurer's duty to defend, this conviction "conclusively establishe[s]" that the trespass on Lovejoy property "was intentionally inflicted." 491 P.2d at 211; see also 760 P.2d at 893.[1]
 
 
 13
 Lovejoy bases its nuisance cause of action on the same conduct that constituted trespass. Consequently, for purposes of defining Allstate's duty to defend only, the prior conviction establishes that the nuisance was intentional. The allegations of the complaint, when read against the backdrop of Rosemary Belezos's conviction and probation violation, make the possibility of relief being predicated on non-intentional conduct so remote that Allstate may rely upon the homeowners policy's exclusion of coverage for intentional and criminal acts in declining to defend Rosemary Belezos.
 
 
 14
 Further, the type of relief requested by Lovejoy, as a practical matter, precludes imposing liability on any basis other than intentionally unlawful conduct. The punitive damages and permanent injunction speak only to intentional acts by the defendants. See Thompson, 760 P.2d at 892 (implicit in an award of punitive damages for trespass is a finding of willfulness and intent). The $9,309 for security measures, moreover, seeks compensation for protections erected against ongoing and/or future violations by the defendants. Such drastic prophylactic measures would not be warranted if Lovejoy needed only to deter inadvertent negligence by the defendants. By contrast, the cases where complaints charging intentional conduct were interpreted also to contain negligent causes of action involved claims for relief that could be satisfied upon proof of mere negligence. The Oregon courts have declined to imply negligent causes of action into complaints specifically structured to prove only intentional conduct. See Falkenstein's Meat Co. v. Maryland Casualty Co., 754 P.2d 621, 623 n. 2 (Or.Ct.App.1988); Wakehouse Motors, Inc. v. Universal Underwriters Ins. Co., 639 P.2d 715, 716 (Or.Ct.App.1982).
 
 B. Duty to Indemnify
 
 15
 The duty to indemnify is narrower than the duty to defend. School Dist. No. 1 v. Mission Ins. Co., 650 P.2d 929, 933 (Or.Ct.App.1982), review denied, 662 P.2d 725 (Or.1983); see also Ticor Title Ins. Co. v. American Resources, Ltd., 859 F.2d 772, 775 n. 4 (9th Cir.1988) (Hawaiian law). The duty to indemnify arises from actual proof at trial of a covered liability. See Burnett v. Western Pac. Ins. Co., 469 P.2d 602, 606 (Or.1970); MacDonald v. United Pac. Ins. Co., 311 P.2d 425, 431-32 (Or.1957) ("It may be that cases will arise under our procedure in which there was no duty to defend but in which the ultimate proof shows a duty to pay....").
 
 
 16
 The complaint as currently framed does not impose liability for conduct covered by the homeowners policy. It seeks relief for intentional, not accidental, behavior by Rosemary Belezos. Allstate thus currently owes the Belezoses no duty to indemnify.
 
 II. The Umbrella Insurance Policy
 A. Duty to Defend
 
 17
 Allstate must defend Rosemary Belezos under the umbrella policy if the complaint alleges or could reasonably be interpreted as alleging liability for personal injury or property damage caused by an occurrence. Under the policy, an "occurrence" means "an accident or a continuous exposure to conditions." Injury or damage caused in the course of protecting life or property from harm also qualifies as an "occurrence" under the policy. The district court found no duty to defend because: (i) the Lovejoy's damages were not the product of an accidental occurrence; (ii) Rosemary Belezos was not acting to protect persons or property from injury or damage; (iii) Ms. Belezos's conduct did not fall within the exception to the exclusions for intentional acts; and (iv) public policy precluded enforcement of the insurance agreement. We affirm for the reasons stated in the district court's opinion. See also State v. Clowes, 801 P.2d 789, 794-97 (Or.1990).
 
 B. Duty to Indemnify
 
 18
 As with the homeowners policy, the current posture of the Lovejoy complaint and the evidence collected in discovery thus far indicate that Allstate presently has no duty to indemnify Rosemary Belezos.[2]
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The criminal conviction also "uncontrovertibly establishe[s]" that Rosemary Belezos's conduct falls within the homeowners policy's exclusion for criminal actions
 
 
 [2]
 The Belezoses' request for attorney's fees is denied