Submitted on remand from the Oregon Supreme Court April 4, reversed and remanded with instructions November 29, 1995, petition for review denied May 7, 1996 (323 Or 264)

# NORTH PACIFIC INSURANCE COMPANY,
an Oregon corporation,
*Respondent,*

*v.*

# WILSON'S DISTRIBUTING SERVICE, INC.,
an Oregon corporation;
William E. Wilson;
C & K Market, Inc.,
an Oregon corporation,
*Appellants,*

*and*

# COOS-CURRY ELECTRIC CO-OPERATIVE, INC.,
an Oregon corporation,
*Defendant.*

(93-CV-053; CA A83361)

908 P2d 827

Timothy C. Gerking argued the cause for appellants. With him on the briefs was Brophy, Mills, Schmore, Gerking & Brophy, Medford.

Michael A. Lehner, argued the cause for respondent. With him on the brief was Lehner, Mitchell, Rodrigues & Sears.

Before Landau, Presiding Judge, Leeson, Judge, and Buttler, Senior Judge.*

BUTTLER, S. J.

---

* Buttler, S. J., *vice* Riggs, P. J.

## BUTTLER, S. J.

Plaintiff commenced this action for declaratory relief seeking a determination that, under its liability insurance policy insuring Wilson's Distributing Service, Inc., and William E. Wilson (collectively referred to as the Wilsons), it has no duty to defend an action commenced by Coos-Curry Electric Co-Operative, Inc. (C-CE) against the Wilsons[1] and that it was not obligated to indemnify them for claims alleged in C-CE's complaint claiming that the Wilsons were responsible for soil and groundwater contamination to its property.

The trial court on two occasions denied Wilsons' motions to stay this action until the underlying tort action was concluded and, ultimately, granted plaintiff's motion for summary judgment on the basis of evidence developed for the first time in support of that motion. It held that plaintiff was not obligated to defend the tort action because it was not obligated to indemnify Wilsons for the amount of any judgment that might be entered against Wilsons in that action. On the Wilsons' appeal, we affirmed without opinion. The Supreme Court allowed the Wilsons' petition for review and, in a memorandum opinion, vacated our decision and remanded the case to this court for reconsideration in the light of its opinion in *Ledford v. Gutoski*, 319 Or 397, 877 P2d 80 (1994).

The C-CE action against the Wilsons was filed in December 1992. Plaintiff initially accepted the Wilsons' tender of defense[2] under a reservation of rights. However, in February 1993 it filed this action seeking a declaration that it was not obligated to do so, because it had no obligation to indemnify the Wilsons for any damages that might be assessed against them in the underlying action. The underlying tort action was scheduled for trial on November 1, 1993. On July 28, 1993, Wilsons filed their first motion to stay this proceeding until the underlying tort action was concluded. The motion was denied in September 1993. In October 1993, the Wilsons' insurance defense counsel in the tort action filed

---

[1] Although there were other defendants in that action, their presence is not relevant to the issues presented in this proceeding.

[2] Plaintiff was one of several insurance carriers that insured the Wilsons' gasoline station property during the periods alleged in C-CE's complaint.

a motion in that proceeding to postpone the trial date; that motion was granted. Shortly thereafter, Wilsons filed their second motion to stay this proceeding and, while that motion was pending, plaintiff filed its motion for summary judgment in this action. The Wilsons ultimately retained other counsel in the tort action.

The Wilsons assign error to the trial court's denial of their two motions to stay this declaratory judgment action until the underlying tort action was concluded and to the court's ultimate granting of plaintiff's motion for summary judgment.[3]

■     We consider first the question whether plaintiff had a duty to defend. In *Ledford*, the Supreme Court restated the fundamental rule that the duty of an insurer to defend an action against its insured is independent of its duty to indemnify. 319 Or at 400. The basic question presented in this case is whether an insurer may avoid its duty to defend by developing evidence in a declaratory judgment proceeding, commenced before the underlying action is concluded, to show that its policy does not cover the claim being asserted in the underlying tort action. *Ledford* reiterates and emphasizes the rule that an insurer has a duty to defend an action against its insured if the claim that is stated against its insured in the complaint could, without amendment, impose liability for conduct covered by the policy. The court said:

> "In evaluating whether an insurer has a duty to defend, the court looks only at the facts alleged in the complaint to determine whether they provide a basis for recovery that could be covered by the policy. * * * An insurer should be able to determine from the face of the complaint whether to accept or reject the tender of the defense of the action. * * *

> "The insurer has a duty to defend if the complaint provides *any basis* for which insurer provides coverage. * * * Even if the complaint alleges some conduct outside the

---

[3] We have been advised that judgment for a substantial amount was entered against the Wilsons on August 23, 1995, in the underlying tort action. However, as discussed below, the failure of the court to allow their motions to stay is not moot, unless plaintiff is entitled in this declaratory judgment action to develop evidence, other than the allegations in the complaint filed in the tort action or facts that have been uncontrovertibly established in a separate judicial proceeding, showing that it is not obligated to defend because its policy does not cover the claims against Wilsons. This case is not affected by recent legislative amendment of ORCP 47.

coverage of the policy, the insurer may still have a duty to defend if certain allegations of the complaint, without amendment, could impose liability for conduct covered by the policy. * * * Any ambiguity in the complaint with respect to whether the allegations could be covered is resolved in favor of the insured." 319 Or at 400 (citations omitted; emphasis in original).

The court went on to say that it must then be determined whether the facts alleged in the underlying complaint may be reasonably interpreted to include conduct within the coverage of the insurance policy. *Id*. In making that determination, the court looks *only* at the complaint and the insurance policy.

The insurance policy here excluded coverage for

"property damage arising out of the discharge, dispersal, release or escape of * * * toxic chemicals, liquids or gases * * * or other irritants, contaminants or pollutants into or upon land * * * but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental."

In its second amended complaint against the Wilsons, C-CE alleged that between 1955 and 1989 the Wilsons owned and operated a gasoline station across the street from C-CE's property; that in 1990 C-CE discovered petroleum contamination in the soil and ground water on and underneath its property; that C-CE investigated the contamination to determine its source; and that it determined that the Wilsons' gas station property was the source, in that "gasoline, diesel, waste oil and other petroleum products spilled, leaked, escaped, discharged or otherwise were released at the gas station property to the environment, resulting in contamination in and about the gas station property" that migrated to the soil and groundwater at or near C-CE's property. During part of that time period, the Wilsons were covered by plaintiff's insurance policy. Although the complaint did not allege that any of the releases of the contaminants was sudden and accidental, that allegation was not necessary to C-CE's case.[4] However, under the allegations that were made, evidence that contaminants were released suddenly and accidentally on one or more occasions would be admissible.

---

[4] ORS 465.255(1)(a) imposes strict liability on any owner or operator of a facility at or during the time of the release of contaminants.

Therefore, plaintiff is and was obligated to defend, unless it was entitled to develop facts in this action for declaratory relief, filed before the underlying tort action was decided, to show that it had no duty to indemnify and, therefore, no duty to defend. In arguing that it has that right, plaintiff relies primarily on *State Farm Fire & Cas. v. Reuter*, 294 Or 446, 657 P2d 1231 (1983). In that case, the insurer sought a declaration that it was not obligated to defend a personal injury action brought by Bullen against the insured, Reuter, because the public record showed that the insured had been found guilty of first degree rape in criminal proceedings arising out of the same factual circumstances, in which Bullen was the victim. It argued that Bullen was therefore estopped to claim that the rape was anything but an intentional act excluded by the policy. We held that there was no justiciable controversy between Bullen and the insurer and reversed the trial court's granting of summary judgment for the insurer. 59 Or App 103, 650 P2d 172 (1982). On review, the Supreme Court held that an action for declaratory judgment was appropriate and that the injured person was an appropriate party; therefore, there was a justiciable controversy. It remanded the case to this court for consideration on the merits. 294 Or at 454.

Although the court used some broad language concerning an insurer's use of declaratory judgment actions, it did so in the context of the issue presented on its review: whether it was proper for the insurer to join all potential third party claimants. On remand, 68 Or App 17, 680 P2d 1000 (1984), this court held that Bullen, the injured party, was entitled to litigate her claim on the basis of the allegations in her complaint that the attack took place while Reuter, the insured, was suffering from a mental disorder that caused him to be unable to conform his behavior to the requirements of the law. We held that she was not collaterally estopped by the judgment of conviction in the criminal proceeding determining that Reuter was guilty of rape, an intentional act that would not be covered by the insurance policy, because she was not a party to the criminal proceeding and had no control over that litigation. Therefore, the insurer was required to defend the insured in that action. 68 Or App at 22.

The Supreme Court granted review again and again reversed. 299 Or 155, 700 P2d 236 (1985). It held that the

criminal conviction for "knowingly" assaulting the victim conclusively established that Reuter had acted with an intent to injure the victim, Bullen, and that his conduct was excluded under the policy. It concluded that, because Reuter was barred from making a claim under his policy, so was Bullen, who had no greater rights than the insured. 299 Or at 159. Therefore, there was no duty to defend.

■        Neither party cites this court's decision in *Reuter* on remand or the Supreme Court's second opinion in that case. Although the Supreme Court's second opinion follows the settled rule in this state that if lack of coverage has been uncontrovertibly established in a separate judicial proceeding, the insurer has no duty to defend, *Casey v. Northwest Security Insurance Company*, 260 Or 485, 491 P2d 208 (1971); *Oregon Insurance Guaranty Assoc. v. Thompson*, 93 Or App 5, 760 P2d 890 (1988), *rev den* 307 Or 303 (1989), none of those cases addresses the question presented here: whether the duty to defend may be negated by showing lack of coverage by evidence adduced for the first time in a declaratory judgment action commenced by the insurer before the underlying tort action has been concluded.

*Casey* was not a declaratory judgment action; it was brought by the insured, Casey, to recover from his insurer the attorney fees that he had incurred in defending himself against a personal injury claim in which the plaintiff alleged, in separate counts, an intentional act and a negligent one. 260 Or at 486. In a previous criminal proceeding, Casey had been found guilty of intentionally injuring the victim. The insurer rejected the tender of defense, because its policy excluded intentionally inflicted injuries. Casey retained an attorney to defend him, and the insurer settled the injured person's claim but refused to pay Casey's attorney fees. The trial court had found that Casey's conduct was intentional but had held that the insurer was obligated to defend him in the tort action, because the plaintiff in that action had alleged, in the alternative, that Casey's acts were negligent. On appeal, the court stated that, because the insurer had contracted to defend its insured and that that benefit would be curtailed if there was a dispute about coverage,

"we have adopted the rule that in the absence of any compelling evidence of no coverage, the insurer owes a duty

to defend if the injured claimant can recover under the allegations of the complaint upon any basis for which the insurer affords coverage." *Id* at 489.

However, because Casey had been found guilty, in a criminal proceeding, of intentionally injuring the victim, the court held that lack of coverage had been uncontrovertibly established and that the insurer had no obligation to defend. *Id*. That holding is of no help to plaintiff here.

The same is true with respect to *Oregon Insurance Guaranty Assoc*. That declaratory judgment action was commenced by the insurer to determine whether it had a duty to defend or pay a judgment against its insured in a prior action for intentional trespass. 93 Or App at 7. The insurer had declined to defend the insured, who had previously been found guilty of criminal contempt for violating an injunction prohibiting him from trespassing on the claimant's property; the judgment of criminal contempt had been attached to the pleadings in the underlying action. We affirmed the trial court's determination that the insurer had no obligation to defend the insured on the basis of the original complaint, because the contempt judgment had uncontrovertibly established that the trespass was intentional and therefore outside the scope of the policy's coverage. *Id* at 10.

■ ■ In short, none of the authorities relied upon by plaintiff, and none that we have found, supports its contention that it may establish facts in this declaratory judgment proceeding that have not been uncontrovertibly established in a separate proceeding, commenced before the underlying action is concluded, that would demonstrate that it has no duty to defend the Wilsons in the pending action commenced by C-CE.

■ Although, as a general rule, the granting or denial of a motion to stay a judicial proceeding lies within the sound discretion of the trial court, *Bonneville Auto Ins. v. Ins. Div.*, 53 Or App 440, 632 P2d 796 (1981), the trial court must first have the discretion to deny the motion. It cannot abuse a discretion that it did not have. We hold that, as a matter of law, plaintiff was not entitled to a declaration in this proceeding that it was not required to defend Wilsons in the underlying tort action. Therefore, the Wilsons were entitled to have this action dismissed as to plaintiff's claim that it had no duty

to defend. Although they did not move for dismissal, the Wilsons did seek a stay and object to the entering of summary judgment for plaintiff. We conclude that the trial court had no discretion to deny either of the motions to stay insofar as they related to plaintiff's duty to defend and that it erred in doing so and in entering summary-judgment for plaintiff on that claim.

■ Next, we consider whether the trial court erred in denying the Wilsons' motions to stay plaintiff's claim that it is not obligated to indemnify the Wilsons for any final judgment that might be entered against them in the underlying tort action. As the court pointed out in *Ledford*, the duty to indemnify is independent of the duty to defend, and, even when the insurer does not have a duty to defend "based on the allegations in the initial complaint, the facts proved at trial on which liability is established may give rise to a duty to indemnify, if the insured's conduct is covered." 319 Or at 403.

■ What plaintiff has attempted to do here is to litigate, at least in part, the Wilsons' liability to C-CE in the underlying tort action, putting the Wilsons in the conflictive position of being required to abandon their denial of liability in that action in order to come within the exception to the policy exclusion. They were required to come forward in this proceeding with evidence that they caused some of the pollution of C-CE's property but that the pollution was the result of sudden and accidental releases of the contaminants claimed by C-CE to have originated on the Wilsons' property. An insurer may not put its insured in that position. Given plaintiff's obligation to defend, there can be no detriment to it to abide the final outcome of the underlying action to determine whether it is obligated to indemnify. The trial court erred in denying the Wilsons' motions to stay this proceeding as it relates to plaintiff's duty to indemnify and in entering summary judgment for plaintiff.

Reversed and remanded, with instructions to: (1) vacate judgment that plaintiff was not obligated to defend the Wilsons in the underlying tort action; (2) enter partial judgment that plaintiff was obligated to defend Wilsons in the underlying tort action; (3) enter judgment requiring plaintiff to compensate Wilsons for the reasonable cost of retaining other counsel not compensated by other insurers; (4) vacate

that part of the judgment determining that plaintiff is not obligated to indemnify Wilsons, and (5) stay this proceeding with respect to plaintiff's obligation to indemnify Wilsons until the underlying tort action is finally determined.