Argued and submitted June 25, remanded for entry of amended judgment; judgment for attorney fees vacated and remanded for further proceedings August 1, reconsideration denied October 17, petition for review denied January 3, 1991 (311 Or 60)

## GEORGETOWN REALTY, INC.,
*Respondent,*

*v.*

## THE HOME INSURANCE COMPANY,
*Appellant.*

(A8708-05098; CA A50656)

796 P2d 651

I. Franklin Hunsaker, Portland, argued the cause for appellant. With him on the briefs were Douglas G. Houser, Lisa E. Lear, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, and Donald A. Greig and Landerholm, Memovich, Lansverk & Whitesides, Inc., P.S., Vancouver, Washington.

Larry Dawson, Portland, argued the cause for respondent. With him on the brief was Kathryn H. Clarke, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this action against defendant, its liability insurer, arising out of defendant's defense of plaintiff in an underlying tort action and, in particular, defendant's failure to settle that action within the limits of its coverage. Plaintiff asserted claims for breach of contract and breach of fiduciary duty. Judgment was entered for it on a verdict that awarded compensatory damages on both claims and punitive damages on the tort claim. Defendant appeals and assigns error to the judgment on the fiduciary duty claim, the award of punitive damages and the trial court's award of attorney fees to plaintiff.

Defendant first argues that the court erred by denying its motions to dismiss and for a directed verdict on the fiduciary duty claim. Defendant contends that all of plaintiff's allegations are, in substance, only allegations of breach of its obligations under the insurance contract and that plaintiff has no tort cause of action.[1] Plaintiff disagrees and argues that an insurer's breach of its duty to defend and to use appropriate efforts to settle "third party claims" within the policy limits is subject to redress as a breach of fiduciary duty or under some other part of the law of torts.

We said in *Employers' Fire Ins. v. Love It Ice Cream,* 64 Or App 784, 670 P2d 160 (1983):

"Three Oregon cases address this question. In *Santilli v. State Farm,* 278 Or 53, 562 P2d 965 (1977), the plaintiff alleged a cause of action in tort for the defendant's bad faith refusal to pay the proceeds due under a life insurance policy. The court discussed the difference between the type of bad faith alleged (first party) and the tort of bad faith refusal to settle with a third party within the limits of a liability policy (third party), a tort that is recognized in Oregon. The court did not decide whether the tort of first party bad faith was recognized in Oregon, because it held that there was no evidence that the insurer had acted in bad faith.

"In *Farris v. U.S. Fid. and Guar. Co.,* [284 Or 453, 587 P2d 1015 (1978)], the court held that an insurer's bad faith refusal

---

[1] Plaintiff asserts that defendant did not make the argument to the trial court. Even if plaintiff is correct, the argument that plaintiff has failed to state a claim can be raised for the first time on appeal. *Telford v. Clackamas County,* 44 Or App 399, 605 P2d 1365 (1980).

to defend its insured under a liability policy gives rise only to a breach of contract claim, for which punitive and emotional distress damages cannot be recovered, rather than a tort claim. In *Farris*, the insurer refused to perform its obligation to defend, knowing that it had no good reason not to perform. The court relied on the rationale it expressed in *Santilli* that, although an insurer's breach of a fiduciary duty to its insured, which is present in third-party claims but not in first-party claims, gives rise to tort liability, no liability results from an insurer's bad faith breach of its contract with its own insured.

" 'Contrary to the California holdings, for the reasons given in *Santilli,* we believe defendant's failure to undertake representation of plaintiffs which required them to represent themselves *could only have been a breach of contract,* * * *.' 284 Or at 464-65. (Emphasis supplied.)

"Defendant argues that we limited the *Farris* holding and recognized the tort of first party bad faith in *Porter v. Utah Home Fire Insurance Co.,* 58 Or App 729, 650 P2d 130 (1982). Aside from whether this court could limit a Supreme Court holding, defendant misconstrues our holding. In *Porter,* the trial court dismissed the plaintiff's claim for punitive damages based on the insurer's refusal to pay benefits under the policy. We noted that, if an insurer engages in egregious conduct, that conduct could give rise to a tort action and punitive damages. We held, however, that the trial court did not err, because the plaintiff failed to allege acts of bad faith or egregious conduct. Any language in *Porter* implying that the tort of first-party bad faith, absent egregious acts amounting to outrageous conduct, is actionable in Oregon was dictum. We hold that, under *Farris,* an insurer's bad faith refusal to pay policy benefits to its insured sounds in contract and is not an actionable tort in Oregon." 64 Or App at 790-91.

*See also Rossi v. State Farm Mutual Auto Ins. Co.,* 90 Or App 589, 752 P2d 1298, *rev den* 306 Or 414 (1988).

Plaintiff relies on our dictum in *Love It Ice Cream* that Oregon recognizes a tort based on a bad faith failure or refusal to settle within policy limits. We indicated in that case that we found that proposition in *Farris v. U.S. Fid. and Guar. Co.,* 284 Or 453, 587 P2d 1015 (1978), and *Santilli v. State Farm,* 278 Or 53, 562 P2d 965 (1977), but we are unable to duplicate that feat on rereading those cases. Indeed, the court said in *Farris* that it "ha[d] never decided whether a cause of action for failure to settle within the policy limits is one in contract or one in tort." 284 Or at 459. It then stated:

"Assuming, but not deciding, that a cause of action for failure to settle within the policy limits is one in tort, it is our opinion that the rationale of such an action has no application to the present situation and that the present action is not one in tort. In an action for failure to settle within the policy limits, the insurance company is charged with acting in a fiduciary capacity as an attorney in fact representing the insured's interest in litigation. The company's interests comes into conflict with that of the insured's while representing him; and, arguably, acting in its own interests to the detriment of the insured's interest while acting in such a fiduciary capacity is a tort. In the present case, defendant did not undertake this fiduciary duty to represent the insured's interest in the litigation—it refused it. It did not, in the course of representing plaintiffs, violate its fiduciary duty arising out of sole control of the settlement. It never undertook any fiduciary duty by purporting to act in the interests of the insured." 284 Or at 459-60. (Footnote omitted.)

Hence, the court concluded that the rationale that might support a tort claim for an insurer's failure to settle within the policy limits does not extend to an insurer's outright refusal to perform its duty to defend. However, the court expressly did not decide whether a tort claim could be asserted in the first instance. We now conclude that a tort remedy is not available for an unjustified failure to settle within policy limits or for other deficiencies in an insurer's performance of its duty to defend.

The duty to defend is contractual; the settlement of actions is a component of their defense and is, therefore, part of the performance of the contract. It is unclear why, as the cited cases suggest, an insurer's failure to undertake the defense at all presents less of a violation of the insured's interests and the insurer's obligations—whether denominated "fiduciary" or otherwise—than its failure to take advantage of a favorable settlement possibility in the course of discharging its duty. In both instances, the insured is left with less than the bargained for protection of its interests against a third party. Moreover, the insurer's failure to assume the defense, if unjustified, is an act that favors its own interests at the expense of its duty to the insured. The stated rationale for a tort remedy, based on a breach of fiduciary duty theory, seems equally weak in both contexts.

More fundamentally, an insurer's defective handling of its insured's defense *is* a breach of its contract. The question, therefore, is not which of two alternatives is *the* available remedy, but whether the contract remedy that clearly is available should be supplemented by a second. This case illustrates why the answer should be no. Plaintiff did assert a contract claim and was awarded damages on it. The *conduct* that plaintiff alleged against defendant in the tort claim was the same as that alleged in the contract claim, with the additions that defendant's actions were intentional, wanton, reckless and the like. However, as we said in *Express Creditcorp v. Oregon Bank,* 95 Or App 121, 125, 767 P2d 493 (1989), the motive accompanying a breach of contract "is irrelevant unless [the defendant's] conduct is actionable on some independent non-contractual basis," and a plaintiff cannot plead "a tort by adding duplicative allegations to a breach of contract claim."

The damages that plaintiff sought in the tort claim differed somewhat from the damages claimed for the breach of contract. In addition to seeking punitive damages, plaintiff alleged in the tort claim that it had suffered damages to its professional reputation and lost income and earning capacity. Whether those compensatory damages could also have been sought under the contract claim is a question that we need not decide, because it has no bearing on the permissible characterization of the action as one in contract or in tort. The principal issue in *Farris v. U.S. Fid. and Guar. Co., supra,* and *Express Creditcorp v. Oregon Bank, supra,* was whether punitive and other kinds of damages that can be asserted only in tort actions were recoverable. The fact that damages of particular kinds cannot be recovered for a breach of contract does not mean that a plaintiff whose claim is really only based on a contract may characterize it as a tort claim and thereby pursue the other damages. Instead, *Farris* and *Express Creditcorp* hold that, because the actions sounded only in contract, the tort damages could not be recovered. *See also Horwell v. Oregon Episcopal School,* 100 Or App 571, 575, 787 P2d 502 (1990). Our conclusion might be different if there were a basis to believe that contract damages are inherently insufficient to compensate insureds for their insurers' inadequate performance of the contractual duty. However, plaintiff identifies no basis for that belief, and none occurs to us.

That is not to say that *all* conduct by an insurer that

has some connection with the defense of claims must necessarily be redressed only through a breach of contract claim. When an insurer engages in conduct that is independently tortious, it can be actionable as such, although it originates in the setting of the rejection or defense of a claim. We held in *Employers' Fire Ins. v. Love It Ice Cream, supra,* for example, that the insured had stated a claim for intentional interference with business relationships. Similarly, we indicated in *Porter v. Utah Home Fire Insurance Co.,* 58 Or App 729, 650 P2d 130 (1982), that a claim for intentional infliction of emotional distress can arise. However, when the only conduct alleged constitutes a breach of the contractual duty to defend, an alternative tort remedy is unavailable. The claim is, in substance, one for breach of contract, and the insured may not elect to label it differently. Here, plaintiff's tort allegations come to nothing more than that defendant breached a fiduciary duty by acts and omissions that can be actionable only because they were referable to and breached the contractual duty.

Plaintiff also relies on *Maine Bonding v. Centennial Ins. Co.,* 298 Or 514, 693 P2d 1296 (1985), where the court said:

"In conducting the defense of a claim against an insured, including the investigation, negotiation, and litigation of the claim, the insurer must use such care as would have been used by an ordinarily prudent insurer with no policy limit applicable to the claim. The insurer is negligent in failing to settle, where an opportunity to settle exists, if in choosing not to settle it would be taking an unreasonable risk—that is, a risk that would involve chances of unfavorable results out of reasonable proportion to the chances of favorable results. Stating the rule in terms of 'good faith' or 'bad faith' tends to inject an inappropriate subjective element—the insurer's state of mind—into the formula. The insurer's duty is best expressed by an objective test: Did the insurer exercise due care under the circumstances." 298 Or at 518-19.

Plaintiff reasons:

"Surely the Court would not describe a contract cause of action in terms such as 'ordinarily prudent insurer', 'negligent in failing to settle', 'due care under the circumstances', 'reasonable care to protect its insured's interests', etc. This is tort language, describing a tort duty."

Plaintiff confuses the nature of the action with the

standard for determining liability. The insurer's duty to defend is contractual; however, the satisfactory performance of that duty is measured by standards very similar to those that apply in legal malpractice cases. The fact that the duty is to provide a legal defense does not alter the fact that its genesis and redress is under the contract.[2] *See Spray v. Continental Casualty Co.,* 86 Or App 156, 163, 739 P2d 40, *rev den* 304 Or 185 (1987) (Warren, J., dissenting). In any event, plaintiff's argument would not assist it, even if it were otherwise well taken. Plaintiff did not state a claim for negligence, the type of tort claim that it maintains *Maine Bonding* would allow, but for intentional or reckless breach of a fiduciary duty. The trial court erred by denying the motions to dismiss and to direct a verdict on the second claim.[3]

■  Defendant also contends that the court erred by awarding attorney fees to plaintiff. Its argument is that the complaint erroneously alleged that the insurance contract conferred a right to attorney fees. At trial, the court allowed plaintiff to amend its pleading to allege ORS 743.114 (*now* ORS 742.061) as the basis for an attorney fee award. Defendant contends that the ruling was contrary to ORCP 68C(2), which provides, as material:

> "A party seeking attorney fees shall assert the right to recover such fees by alleging the facts, statute, or rule which provides a basis for the award of such fees in a *pleading* filed by the party. * * * *No attorney fees shall be awarded unless a right to recover such fee is asserted as provided in this subsection.*" (Emphasis supplied.)

Defendant maintains that "to allow a party to amend a pleading to include an appropriate allegation for attorney fees would make the last sentence of ORCP 68C[(2)] mere surplusage and render it meaningless." However, defendant offers no cases construing that rule and points to nothing in its language to support the premise that the basis for an award of attorney fees cannot be asserted in an amended pleading. The argument is without merit. Nevertheless, our disposition of the appeal necessitates that we vacate the award of attorney

---

[2] Our comments do not relate to and are not authority on Statute of Limitations or other questions, except the one that they expressly address.

[3] That conclusion makes it unnecessary for us to address defendant's other assignments relating to liability and to punitive damages.

fees and remand to the trial court to determine whether plaintiff remains entitled to fees under ORS 742.061 under the remaining judgment.

Remanded for entry of an amended judgment that deletes awards of compensatory and punitive damages on breach of fiduciary duty claim; judgment for attorney fees vacated and remanded for further proceedings not inconsistent with this opinion.