Submitted on remand from the Oregon Supreme Court May 19, affirmed July 1, reconsideration denied October 14, 1992, petition for review pending 1993

GEORGETOWN REALTY, INC.,
*Respondent,*

*v.*

THE HOME INSURANCE COMPANY,
*Appellant.*

(A8708-05098; CA A50656)

833 P2d 1333

I. Franklin Hunsaker, Portland, argued the cause for appellant. With him on the briefs were Douglas G. Houser,

Lisa E. Lear and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, and Donald A. Greig and Landerholm, Memovich, Lansverk & Whitesides, Inc., P.S., Vancouver, Washington.

Larry Dawson, Portland, argued the cause for respondent. With him on the brief was Kathryn H. Clarke, Portland.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

This appeal is before us on remand from the Supreme Court. *Georgetown Realty v. The Home Ins. Co.*, 313 Or 97, 831 P2d 7 (1992). Plaintiff insured asserted contract and tort claims against defendant liability insurer on the basis of the latter's alleged failure to settle an underlying tort action in which it defended plaintiff and to pay the entire judgment that was entered against plaintiff in that action. Defendant appeals from the judgment for plaintiff on both claims.

In our first opinion, we concluded that plaintiff's claim against defendant for failing to settle the underlying action within defendant's available coverage limits[1] could only take the form of an action on the policy. We therefore reversed the part of the judgment awarding plaintiff compensatory and punitive damages on its tort claim, which plaintiff describes as one for "breach of fiduciary duty." 102 Or App 611, 796 P2d 651 (1990). The Supreme Court took review and reached the opposite conclusion, holding that an "excess claim" could be redressed in a tort action. Accordingly, the court remanded the appeal to us to decide defendant's assignments that our disposition had made it unnecessary for us to discuss.

Two of those assignments require little discussion. In one, defendant contends that the trial court erred by denying its motion for a directed verdict on the tort claim, made on the ground that plaintiff had not proven the damages that it sought. We disagree. There was ample evidence of each of the items of damages claimed, and the proof satisfied the applicable legal standards. In the second, defendant claims that the court erred by allowing an amendment to plaintiff's complaint. Defendant demonstrates no prejudice and no abuse of discretion.

■ Two of defendant's assignments are directed against the court's submission of the punitive damages claim to the jury. Defendant contends that the evidence showed, at worst, that it was negligent in not settling. The trial court disagreed,

---

[1] Defendant took the view, which there was evidence that it did not communicate to plaintiff, that not all of the damages sought in the underlying action were covered by the policy, even if they came within its monetary limits.

explaining that it could be inferred from the evidence that defendant

> "chose to expose their insured to a very substantial claim, and they evidently knew they were not going to pay the claim, although they had not warned their insured that they are not going to pay it.
>
> "They did that for the purpose of protecting a much smaller amount of their own money.
>
> "Under these circumstances from all of the evidence that was offered, I'm satisfied that if punitive damages are permissible in Oregon that this is an appropriate case to submit to the jury."

In some ways, the issue is confused by plaintiff's and the Supreme Court's after-the-fact efforts to characterize the nature of the tort claim. The Supreme Court said:

> "The parties have referred to plaintiff's second claim as a claim for 'breach of a fiduciary duty.' This is a correct appellation in the same sense that one would state a claim for 'breach of a physician's duty,' 'breach of a lawyer's duty,' or 'breach of a landlord's duty.' In each case, the duty is one created by law, the duty is one that arises from the relationship between the parties, and the action is in the nature of an action on the case.
>
> "The form of action for a claim against a fiduciary for breaching a duty of care arising from the relationship is not materially different from a claim against a physician, a lawyer, or an engineer for breaching a duty of care arising from such a relationship. Notwithstanding repeated references by this and other courts to a 'breach of a fiduciary duty,' the form of action is the same, and the theory of recovery—breach of the duty of care that the law implies from the relationship is the same." 313 Or at 110-11 n 7.

However, the court stated as its ultimate conclusion that "plaintiff's excess claim can be brought as a claim for negligence." 313 Or at 111.

Conventionally, simple negligence cannot support an award of punitive damages, while breach of a fiduciary duty can, if evidence of aggravating factors is produced. However, as we explained in *Boger v. Norris & Stevens, Inc.*, 109 Or App 90, 94-95, 818 P2d 947 (1991), *rev den* 312 Or 588 (1992):

> "We said [in *Wilson v. Tobiassen*, 97 Or App 527, 777 P2d 1379, *rev den* 308 Or 500 (1989),] that the plaintiff's proof

showed only negligence; we did not say that punitive damages may not be recovered where the requisite showing of aggravated misconduct is made, notwithstanding that the lesser showing of ordinary negligence would suffice to establish tort liability. The evidence here supported findings that, over and above the negligent conduct that produced the injuries,"

the necessary additional showing of aggravated misconduct was made.[2]

Here, too, however the claim is labeled, plaintiff proved more than negligence. There was clear and convincing evidence that defendant acted intentionally or recklessly to protect its own interests at the expense of plaintiff's and that it had ample reason to know that there was a great risk of an excess judgment against plaintiff if it did not avail itself of opportunities to settle the underlying action. In its argument, defendant characterizes its own conduct as charitably as possible and draws the inference that only negligence was established. However, any inference was for the jury to draw, and the evidence supported its finding that defendant's conduct was sufficiently aggravated to justify the award of punitive damages. *2-D's Logging v. Weyerhaeuser*, 53 Or App 677, 632 P2d 1319, *rev den* 292 Or 109 (1981).

Defendant next argues that the award of punitive damages against it violates the federal Due Process Clause and Article I, sections 10, 11 and 16, of the Oregon Constitution. We rejected a materially identical argument in *Oberg v. Honda Motor Co.*, 108 Or App 43, 814 P2d 517, *rev allowed* 312 Or 525 (1991), and we reject this argument as well. The award of punitive damages was proper.

Defendant's remaining assignments ascribe error to the award of attorney fees to plaintiff. In our first opinion, we rejected the substantive argument that defendant makes to support its assignment. However, because we reversed part of

---

[2] The principle stated in *Boger* is particularly appropriate in this context. Negligence may be the standard of liability, but the relationship of the parties clearly involves fiduciary standards. An insurer that undertakes the defense of an insured simultaneously takes away the insured's ability to protect itself and assumes a role where its own coverage and the insured's excess exposure are at risk and are, in some respects, in conflict. *See Georgetown Realty v. The Home Ins. Co., supra*, 313 Or at 110.

the judgment, we remanded the attorney fees issue to the trial court to consider whether the award was still appropriate "under the remaining judgment." 102 Or App at 618-19. We adhere to our conclusion on the merits. Because our disposition of the appeal is now an affirmance of the entire judgment, the attorney fees award is also affirmed.

Affirmed.