On respondent's petition for reconsideration filed June 5; resubmitted In Banc August 12, reconsideration allowed; opinion (141 Or App 210, 917 P2d 1025) modified; reversed and remanded for further proceedings October 23, 1996

# NORTHWEST PUMP & EQUIPMENT COMPANY,
## a Washington corporation,
*Appellant,*

*v.*

# AMERICAN STATES INSURANCE COMPANY,
## an Indiana corporation,
*Respondent.*

### (941007023; CA A89666)

925 P2d 1241

Leeson, J., dissented and filed separate opinion in which Riggs, Haselton, and Armstrong, JJ., joined.

Robert J. Miller, Sr., Brien F. Hildebrand and Moomaw, Miller & Hildebrand, for petition.

LANDAU, J.

Leeson, J., dissenting.

## LANDAU, J.

Defendant petitions for reconsideration of our opinion, 141 Or App 210, 917 P2d 1025 (1996), in which we (1) held that defendant had wrongfully refused to defend plaintiff, its insured, against a claim brought by a third party, (2) held that, as a result, defendant is liable for the amount that plaintiff agreed to pay the third party in settlement of the claim brought by the third party, to the extent that the settlement was reasonable, and (3) remanded for a determination of the reasonableness of the settlement that plaintiff actually negotiated with the third party. Defendant does not challenge the first holding but does challenge the second and third. According to defendant, an insurer that wrongfully refuses to defend is liable for a reasonable settlement between an insured and a third party only if the underlying event that gave rise to the third-party action was covered under the policy of insurance. Defendant argues that, if the underlying event in this case fell within its pollution exclusion clause, then it cannot be held liable even if the settlement was otherwise reasonable, because insurers cannot be penalized for failing to defend by being required, in effect, to provide coverage they never agreed to provide. We agree and modify our opinion, adhering to it as modified.

No Oregon decision defines precisely the consequences of an insurer's wrongful refusal to defend. Courts in other jurisdictions have taken various approaches. A substantial number hold that an insurer that has wrongfully refused to defend is estopped from denying coverage. *See, e.g., Joslyn Mfg. Co. v. Liberty Mut. Ins. Co.*, 23 F3d 1212, 1214 (7th Cir 1994) ("[b]y violating its duty to defend, under Illinois law the insurer is estopped to deny policy coverage in a subsequent lawsuit"); *Qualman v. Bruckmoser*, 163 Wis 2d 361, 368, 471 NW2d 282, 285 (1991) ("[i]f the insurance company breaches its duty to defend its insured in the underlying action against the insured, the company cannot later challenge any coverage issues"). That rule is generally supported by the rationale that, because the insurer has breached the insurance policy, it is no longer entitled to claim any of its protective provisions. *See, e.g., Clemmons v. Travelers Ins. Co.*, 88 Ill 2d 469, 479, 430 NE2d 1104, 1109 (1981) (the

"roots [of the rule] lie in the theory that because the insurer breached one of its duties under the contract of insurance * * *, the insurer cannot later turn around and enforce another clause of the contract, to its complete protection").

Other courts reject the extension of coverage by estoppel and hold that an insurer that wrongfully fails to defend is responsible for settlement costs only to the extent that the underlying claim is covered. *See, e.g., Polaroid Corp. v. Travelers Indem. Co.*, 414 Mass 747, 762-63, 610 NE2d 912, 921 (1993) ("[i]f an underlying claim * * * is not within the coverage of an insurance policy, an insurer's improper failure to defend that claim would not ordinarily be a cause of any payment that the insured made in settlement of that claim"); *Hirst v. St. Paul Fire & Marine Ins. Co.*, 106 Idaho 792, 799, 683 P2d 440, 447 (1984) ("where an insurance company has wrongfully refused to defend, it may nevertheless in a subsequent action on the policy attempt to show that the liability is not covered by the policy") (quoting *Afcan v. Mutual Fire, Marine and Inland Ins. Co.*, 595 P2d 638, 647 (Alaska 1979)); *Keller Industries v. Emp. Mut. Liab. Ins. Co.*, 429 So 2d 779, 780 (Fla Dist Ct App 1983) ("an unjustified failure to defend does not require the insurer to pay a settlement where no coverage exists"); *Alabama Farm Bur. Mut. Cas. Ins. Co. v. Moore*, 349 So 2d 1113, 1116 (Ala 1977) ("[W]e reject the proposition that an insurer's liability to pay for damages may stem from a breach of its duty to defend. The two duties are to that extent independent."); *see also* R. Long, 1A *The Law of Liability Insurance* § 5A.18 at 5A-107 (1966 & Cumm Supp 1994) ("[T]he insured must prove that the amount paid in settlement was reasonable in order to be able to recover those amounts, and that the claim was within the policy coverage."). The principal underpinning of that rule is the idea that policy holders are entitled to receive the benefit of their bargains and no more. As one commentator has explained:

> "The insurer's breach [of the duty to defend] should not * * * be used as a method of obtaining coverage for the insured that the insured did not purchase. When a contract is breached, the injured party is entitled to receive what would have been obtained if there had been no breach; the injured party is not entitled to receive more."

Allan D. Windt, 1 *Insurance Claims and Disputes* § 4.37 at 268 (3d ed 1995).

Oregon is among the jurisdictions that have rejected the rule that insurers that wrongfully fail to defend are estopped from contesting coverage as to settlement costs. In *Timberline Equip. v. St. Paul Fire and Mar. Ins.*, 281 Or 639, 576 P2d 1244 (1978), the insurer had breached its duty to defend, the insured had settled claims asserted by a third party, and the insured sued the insurer for recovery of all settlement costs. The insured argued that, by failing properly to defend, the insurer had waived any right to contest coverage and was, consequently, liable for the entire settlement. The Supreme Court disagreed:

> "That argument is incorrect. When a contract is breached the injured party is entitled to receive what he would have if there had been no breach; he is not entitled to receive more."

*Id.* at 646. *Timberline*, however, did not address the question of what other consequences, if any, attend an insurer's wrongful failure to defend. More precisely, *Timberline* did not address whether Oregon follows the decisions of other states holding that an insurer that wrongfully fails to defend generally will not be liable for settlement costs unless the underlying claim is covered. To answer that question we work from more fundamental principles of Oregon contract and insurance law. Three such principles are pertinent to the disposition of this matter.

██ First, the duty to defend is a contractual duty, and, under general principles of contract law, the breach of that duty gives rise to a claim for damages. *Georgetown Realty v. The Home Ins. Co.*, 102 Or App 611, 615, 796 P2d 651 (1990), *rev'd on other grounds* 313 Or 97, 831 P2d 7 (1992). The measure of those damages is generally stated in terms of the "benefit of the bargain," *Corder v. A & J Lumber Co, Inc.*, 223 Or 443, 449, 354 P2d 807 (1960), subject to a limitation of foreseeability. Foreseeability, it should be emphasized, is determined from the time of execution of the agreement, not from the time of the breach. *Cont. Plants v. Measured Mkt.*, 274 Or 621, 625-26, 547 P2d 1368 (1976).

■ Second, the duty to defend is different from the duty to indemnify, and the breach of one does not, in and of itself, establish the breach of the other. *See, e.g., Ledford v. Gutoski*, 319 Or 397, 403, 877 P2d 80 (1994) ("[t]he duty to indemnify is independent of the duty to defend"). That only makes sense. The duty to defend is triggered by the bare allegations of a pleading. In contrast, the duty to indemnify is established by proof of actual facts demonstrating a right to coverage.

■ Third, the duty to indemnify cannot be extended by estoppel. The scope of an insurer's risk is determined by the terms of the policy, not by the conduct of the parties subsequent to execution. *See, e.g., ABCD...Vision v. Fireman's Fund Ins. Companies*, 304 Or 301, 307, 744 P2d 998 (1987) ("[e]stoppel cannot be invoked to expand insurance coverage or the scope of an insurance contract").

■ Application of those three principles leads to the conclusion that an insurer's breach of the duty to defend does not give rise to a duty to indemnify unless the underlying claim is covered. That conclusion is the only one consistent with the general rule that an insured is entitled to the benefit of its bargain, and no more. The policy contains provisions specifying the conditions of coverage, exclusions and exceptions to the exclusions. To allow coverage beyond those terms—for example, to require an insurer to cover a loss that is otherwise subject to an exclusion—would be to allow the insured to obtain more than it bargained for: coverage for a noncovered claim. The foregoing conclusion also is the only one that maintains the distinction between the duty to defend, which is established by the allegations of a complaint compared with the terms of a policy, and the duty to indemnify, which is established by the actual facts demonstrating a right to recover under the policy. Finally, it is the only conclusion that is faithful to the principle that coverage may not be extended by waiver or estoppel.

The dissent does not propose the adoption of an outright rule of estoppel. But neither does it propose that an insurer's obligation to pay settlement costs depends on whether the underlying claim is covered. The dissent stakes out something of a middle position, which would require the

insurer to pay the insured's settlement costs to the extent that they are reasonable. What constitutes a "reasonable" settlement depends on what a hypothetical insurer would have done under the circumstances. Whether the claim actually is subject to coverage is irrelevant, however, if it can be shown that a reasonable insurer would have settled anyway, either because a reasonable insurer would not have known at the time of the hypothetical settlement that a policy exclusion applied or because the reasonable insurer would have assessed the risks in such a way that it would have settled notwithstanding the applicability of the exclusion. The dissent's proposed rule is apparently borne of concern that insurers not be allowed to take advantage of information as to the applicability of a policy exclusion that the insurer obtained only after having lost the battle over its duty to defend. That concern is perhaps meritorious (although it is uncertain precisely how often, in the real world, insurers will not know the facts as to the event underlying the coverage dispute only after the litigation over the duty to defend). The problem is that the legal theory cannot be reconciled with Oregon contract and insurance law.

First, the dissent's proposed rule is at odds with the traditional measure of contract damages. It does not give the insured what it bargained for, which is coverage in accordance with the terms of the policy. It gives the insured more, namely, the possibility of coverage for a noncovered event. The dissent does not explain by what legal theory it arrives at that result. It appears that the dissent relies on a variation of consequential damages theory, but such an analogy is inapt.

Consequential damages are, by definition, those that the parties to a contract reasonably contemplate *at the time of execution*, not at some later date. *See, e.g., Siegner v. Interstate Production Credit Assn.*, 109 Or App 417, 436, 820 P2d 20 (1991) (consequential damages available if the defendant "knew of facts making the loss foreseeable at the time the contract was made"); *Bixler v. First National Bank*, 49 Or App 195, 200, 619 P2d 895 (1980) (consequential damages "would not be recoverable for breach of a contract to loan money unless the lender knew of facts making the loss foreseeable when the contract was made"). Thus, whether it is reasonable to include as consequential damages settlement

costs in excess of the provisions of an insurance policy must be examined by reference to what was reasonably contemplated by the parties at the time of the execution of the policy. As in any contract, the intentions of the parties are expressed in the terms of the insurance policy itself, which contains express limitations on coverage. *See generally Hoffman Construction Co. v. Fred S. James & Co.*, 313 Or 464, 469-71, 836 P2d 703 (1992) (describing methodology for ascertaining intention of parties to insurance policy). Those limitations do not say that the policy is limited, for example, by a pollution exclusion clause "unless the insurer reasonably determines that it is in its interest to cover otherwise excluded damages." They express limitations on coverage without qualification by reference to a later risk assessment on the part of the insurer. Thus, awarding an insured the costs of settlement for an event that otherwise would not be subject to coverage cannot be justified by reliance on the rule of consequential damages.

Second, to the extent that the dissent's proposed rule limits the evidence on which an insurer may rely in determining its duty to indemnify, it punishes an insurer for having failed properly to defend by preventing it to assert the applicability of a policy exclusion. Thus, the consequence for violating the duty to defend is the expansion of the duty to indemnify. That improperly conflates the two independent duties of defense and indemnification. It also effectively extends coverage by estoppel by limiting the extent to which an insurer can rely on an exclusion solely because of its wrongful conduct.

The dissent cites no Oregon authority for its proposal to so punish insurers that wrongfully fail to defend. It relies instead on a judgment that it is better *policy* to punish insurers for their wrongful conduct than to punish insureds for entering into settlements without the benefit of the defense to which they were entitled. What is before us, however, is not a policy judgment. The dissent's complaint that it is innocent insureds who are being "punished" for an insured's breach, moreover, begs the question of whether a plaintiff that claims coverage for an event that may not, in fact, be a covered event is really being "punished."

The dissent further takes us to task for our insistence that the duties to indemnify and to defend are distinct. According to the dissent "[w]hen an insurance company fails to undertake its duty to defend it leaves the insured with less than the bargained-for protection of the insured's interests against a third party." 144 Or App at 233. Assuming that is so, it does not follow that the proper remedy is to create an obligation to indemnify that goes beyond the terms of the policy. The authority cited by the dissent itself bears out the point. In *Maine Bonding v. Centennial Ins. Co.*, 298 Or 514, 693 P2d 1296 (1985), for example, the court held that an insured may be held liable for failing to exercise due diligence in defending claims against its insured by failing unreasonably to settle the claims. *Id.* at 518-19. Nevertheless, the court took care to caution that the insurer's liability is subject to the limits stated in the policy. *Id.* at 519. Significantly, the court held that, even when an insurer has an obligation to settle a claim in excess of its policy limits, "the insured alone has the responsibility to pay claims above the limits of liability." *Id.* The breach of a duty to defend, in other words, does not itself expand the duty to indemnify beyond the express terms of the policy.

■ With the foregoing principles in mind, we return to the facts of this case. Defendant declined to provide a defense as to claims brought against plaintiff, its insured. Plaintiff proceeded with a defense at its own expense and ultimately settled those claims. Plaintiff then sued for recovery of its settlement costs, which included both the costs of providing the defense and the cost of the liability itself. Defendant breached its duty to defend, and, as defendant itself concedes, it is liable for the costs of defense. As to the settlement, however, defendant asserts that it is not liable, because the underlying event that gave rise to the claim is subject to an exclusion clause in the insurance policy. Defendant is entitled to assert the applicability of the exclusion provision. If the provision applies, it is not liable for the settlement costs. If not, then it will be liable for those settlement costs to the extent that they are reasonable. On remand, therefore, the case should proceed on the merits as to coverage.

Petition for reconsideration allowed; opinion modified; reversed and remanded for further proceedings consistent with the court's opinion of May 22, 1996, as modified by this opinion.

**LEESON, J.,** dissenting.

In *Northwest Pump v. American States Ins. Co.*, 141 Or App 210, 917 P2d 1025 (1996), we held that defendant wrongfully refused to defend plaintiff, its insured, against a claim brought by a third party for environmental cleanup costs associated with gasoline discharged from an underground storage tank that was installed by plaintiff. Plaintiff settled the third-party claim for $10,000 before trial, without admitting liability. We remanded for the trial court to determine "plaintiff's reasonable defense costs and the reasonableness of the amount of settlement." *Id.* at 218. On reconsideration, defendant misstates our holding[1] and requests that we instruct the trial court to

> "refrain from entering summary judgment in favor of [plaintiff] with respect to amounts paid in settlement until it has determined whether those amounts were covered indemnity losses under the policy."

The majority accedes to that request. It holds that "[d]efendant is entitled to assert the applicability of the exclusion provision[,]" 144 Or App at 230, apparently in a full-blown trial on the merits, with unlimited discovery, regarding indemnity. I agree with the majority that the procedure on remand should be clarified but I disagree with the rule it announces. Therefore, I dissent.

The relevant policy provisions in this case are as follows:

> "The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

---

[1] Defendant's petition states:

"[Defendant] asks the Court to reconsider that part of the Court's opinion, beginning at p. 9, which holds plaintiff Northwest Pump & Equipment Co. ('Northwest Pump') is entitled to recover from [defendant] the amounts paid in settling an underlying action, based purely upon the allegations of the complaint and without any proof of coverage."

   **A.**  **bodily injury,** or,

   **B.**  **property damage**

to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such **bodily injury** or **property damage**, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and *settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.*" (Boldface in original; emphasis supplied.)

   The majority's starting premise, like defendant's, is that the duty to defend is wholly independent of the duty to indemnify. *Id.* at 226. I believe the majority reads too much into the Supreme Court's statement in *Ledford v. Gutoski*, 319 Or 397, 403, 877 P2d 80 (1994), that "[t]he duty to indemnify is independent of the duty to defend." As the court there noted, the duty to indemnify may arise when the facts proved at trial show that the insured's conduct is covered by the policy, even though the insurer did not have a duty to defend. *Id.* Similarly, the duty to defend may arise solely from the language of the complaint and the insurance policy, even when there is no duty to indemnify. *Id.* at 400. The two duties are independent in that one may exist without the other, but that independence does not mean that the obligations imposed by settlement are exclusively part of the duty to indemnify.

   In this case, an express provision in the policy gives defendant the right to settle any claim, even one that is groundless, false or fraudulent, "as it deems expedient." The policy also provides that defendant's duty to indemnify has a stated limit and that once that limit has been reached by payment of judgments or settlements, its duties both to indemnify and to defend cease. *See North Pacific Ins. Co. v. Wilson's Distributing*, 138 Or App 166, 173, 908 P2d 827 (1995), *rev den* 323 Or 264 (1996) (if duty to indemnify is negated, insurer has no duty to defend). Because the duty to defend is contractual and settlement is a component of defense, settlement is part of the performance of an insurance contract. *Georgetown Realty, Inc. v. Home Ins. Co.*, 102 Or App 611,

615, 796 P2d 651 (1990), *rev'd on other grounds* 313 Or 97, 831 P2d 7, *on remand* 113 Or App 641, 833 P2d 1333 (1992), *rev den* 316 Or 528 (1993). *See Maine Bonding v. Centennial Ins. Co.*, 298 Or 514, 518-19, 693 P2d 1296 (1985) (discussing insurer's failure to settle where an opportunity to settle exists). When an insurance company fails to undertake its duty to defend it leaves the insured with less than the bargained-for protection of the insured's interests against a third party. *Id.* Consequently, I disagree with the majority's starting premise—that the duties to defend and indemnify are wholly independent. I also disagree with the rule that it apparently derives from that premise, namely, that when an insurer breaches its duty to defend and its insured settles a third-party claim, the insurer is entitled to a trial on the merits of the third-party claim in an attempt to avoid its duty to indemnify. 144 Or App at 227.

The majority is correct, 144 Or App at 225, that a substantial number of jurisdictions have rejected the rule, that, where an insurer violates its duty to defend, it is completely estopped from denying coverage. However, I have not found any other jurisdiction that has confronted the precise question that we face, namely, whether defendant, having breached its duty to defend, and after its insured has settled the underlying action with the third party, is entitled to unlimited discovery and investigation and to a full-blown trial on the merits of the settled claim to determine whether defendant will pay any or all of the settlement. The cases cited by the majority as standing for the proposition that "an insurer that wrongfully fails to defend is responsible for settlement costs only to the extent that the underlying claim is covered[,]" 144 Or App at 225, are more troubling to the majority's position than it suggests.

In *Polaroid Corp. v. Travelers Indem. Co.*, 414 Mass 747, 610 NE2d 912, 921 (1993), for example, the court refused to embrace the majority's view that no consequences attach to an insurer's breach of the duty to defend.

"We have not decided which party has the burden of proof as to the sudden and accidental discharge. * * * Here, even if we were to assume that the burden would normally

be on the insured, *we place it on the insurer when the insurer is in breach of its duty to defend." Id.*

Similarly, in *Hirst v. St. Paul Fire & Marine Ins. Co.*, 106 Idaho 792, 683 P2d 440, 447 (1984), although the court held that the duty to defend is "a separate, unrelated and broader obligation than a duty to pay for damages under the insurance policy," 106 Idaho at 798, 683 P2d at 446, it nonetheless held that an insured was entitled to sanctions (in that case, attorney fees and costs) against an insurer that breached its duty to defend. Those cases are authority, albeit it not from Oregon, for the proposition that insurers face consequences for breaching the duty to defend. It is not surprising that there is no authority on point in Oregon. As the majority acknowledges, "No Oregon decision defines precisely the consequences of an insurer's wrongful refusal to defend." 144 Or App at 224.

Appellate courts should adopt rules that encourage parties to adhere to the obligations that they voluntarily undertake when they enter into contracts. Instead, the majority adopts a rule that permits an insurer to breach its duty to defend and then to force the insured to prove that, if the original case had gone to trial, the insured would not have lost on a covered claim, while the insurer takes advantage of whatever information it may have acquired or can acquire after settlement in the subsequent action involving indemnity.

I think the better approach on remand is for the trial court to answer the following questions: If a reasonable insurer had accepted its duty to defend, would it reasonably have settled the claim against plaintiff? If so, when would it have settled? If it had settled, would the amount of a reasonable settlement have been at least as much as the actual settlement? Plaintiff is entitled to recover from defendant the amount for which a reasonable insurer would have settled the case with the third party. A plaintiff's settlement after an insurer breaches its duty to defend is a foreseeable consequence of the breach. It is thus proper to award the plaintiff damages for that consequence.

In making its factual determination regarding the amount, if any, of the settlement that plaintiff is entitled to

recover from defendant, the trial court should take into account a number of factors that a reasonable insurer would consider. They include, but are not limited to: the projected costs associated with defending the case if it had gone to trial; the likelihood of a judgment against plaintiff that is within the policy's coverage and the potential amount of that judgment; the likelihood of a judgment against plaintiff that is not within the policy's coverage and the potential amount of that judgment; and plaintiff's willingness to contribute to the settlement in the light of the risk to plaintiff of noncoverage under the insurance policy. Because plaintiff is entitled to recover what it would have received if defendant had not breached its duty to defend, the court's findings should be based on evidence that is limited by what defendant knew at the time that it reasonably would have settled the case.

The majority rejects this approach on the grounds that it "punishes an insurer for having failed properly to defend by preventing it to assert the applicability of a policy exclusion," that it has the effect of expanding the duty to indemnify, and that it extends coverage by estoppel. 144 Or App at 229. In contrast, the majority would punish plaintiff, the party injured by defendant's breach, for having entered into what it deemed a reasonable settlement after that breach left it without the defense to which it was entitled. That is wrong. The onus should fall on the party that breached the insurance contract, not on the victim of the breach. This approach is the best way to provide plaintiff what it would have received if defendant had undertaken its contractual duty to defend and had acted reasonably in calculating the opportunity to avoid the expense of trial and the risk of being found liable on the underlying claim.

This approach does not, as the majority suggests, extend coverage by estoppel or expand the duty to indemnify in violation of *Timberline Equip*. That case has no bearing on the issue in this case. In *Timberline Equip*., the court held *as a matter of law* that one of the third party's claims was excluded from coverage but that another claim was within the policy's coverage. The court held St. Paul liable for all of Timberline's defense costs and remanded to the trial court "to determine the amount to which [Timberline] is entitled" regarding settlement costs. *Timberline Equip*., 281 Or at 646.

In doing so, the court rejected Timberline's argument that St. Paul had waived, by its breach of the duty to defend, any right to rely on the policy's exclusion clause, which barred coverage for one of the claims against Timberline as a matter of law. Contrary to the majority's contention, *Timberline Equip.* sets no standard to be followed on the facts of this case, where the third-party claim against plaintiff is not excluded from policy coverage as a matter of law. The approach I propose is consistent with the contract damages principle expressed in *Timberline Equip.*

For the foregoing reasons, I dissent.

Riggs, Haselton and Armstrong, JJ., join in this dissent.