On appellant's petition for attorney fees filed May 18; respondent's objection to appellant's petition for attorney fees filed May 30; appellant's response to objection to appellant's petition for attorney fees filed July 11, petition for attorney fees denied October 31, 2001

Margie A. GODDARD,
as Personal Representative for the Estate of
Marc E. Goddard, Deceased,
*Appellant,*

*v.*

FARMERS INSURANCE COMPANY
OF OREGON,
an Oregon corporation,
*Respondent.*

90-05-03204; A106027

33 P3d 1075

Margaret H. Leek Leiberan for petition.

Angela M. Stewart and Thomas H. Tongue *contra.*

Before Brewer, Presiding Judge, and Wollheim and Kistler, Judges.

BREWER, P. J.

## BREWER, P. J.

Plaintiff seeks a conditional award of attorney fees under ORS 742.061(1),[1] following our decision reversing a summary judgment for defendant insurer in this action for "negligence and bad faith" based on defendant's alleged failure to reasonably settle a wrongful death claim. *Goddard v. Farmers Ins. Co.*, 173 Or App 633, 22 P3d 1224 (2001). We conclude that, because plaintiff's claim sounds in tort, this is not an action on an insurance policy. Therefore, plaintiff is not entitled to an award of attorney fees under ORS 742.061.

In order to explain our conclusion, we briefly recount the relevant facts of the case. Marc Goddard was killed when a car driven by John Munson collided with Goddard's vehicle. The car driven by Munson was owned by Helen Foley. Munson and Foley were each separately insured by defendant. Each policy provided $100,000 in liability coverage. Plaintiff, Goddard's personal representative, brought a wrongful death action against Munson. Initially, defendant informed plaintiff that the limits of both policies, totaling $200,000, applied to the accident. Later, defendant took the position that neither policy applied, and it filed a declaratory judgment action to determine the amount of coverage, if any, available to plaintiff. The wrongful death action was tried before the declaratory judgment action. In the wrongful death action, a jury awarded plaintiff a verdict in excess of $860,000, including $250,000 in punitive damages. Munson then assigned to plaintiff any claims he had against defendant. After lengthy proceedings, the declaratory judgment action ended with a determination that the accident was covered under only Foley's policy. In accordance with that judgment, defendant paid plaintiff $100,000 under the terms of Foley's policy.

---

[1] ORS 742.061(1) provides, in part:

"[I]f settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

Based on the assignment from Munson, plaintiff filed this action for negligence and bad faith against defendant. As noted, the trial court granted defendant's motion for summary judgment. On appeal, we reversed and remanded, concluding that summary judgment was inappropriate because the issue of whether plaintiff could prove the causation element of negligence presented a question of fact. *Goddard*, 173 Or App at 640. Plaintiff then filed this petition for a conditional award of attorney fees pending the ultimate outcome of the case on remand, ORAP 13.10(3).[2]

Defendant argues that ORS 742.061 is limited to actions "upon any policy of insurance," and that this action is an action in tort, rather than an action upon Munson's insurance policy. Plaintiff responds that attorney fees are recoverable under ORS 742.061 where, as here, the insured's damages *arose* from the insurer's failure to settle a claim under an insurance policy. Both parties rely on the Supreme Court's decision in *Georgetown Realty v. Home Ins. Co.*, 313 Or 97, 831 P2d 7 (1992). We begin and end our analysis with that case.

In *Georgetown Realty*, the plaintiff filed an action against its insurer, which included separate claims for breach of contract and breach of fiduciary duty arising from the insurer's failure to settle a third-party claim. A jury found for the plaintiff on both claims and awarded punitive damages on the tort claim for breach of fiduciary duty. We reversed the judgment for the plaintiff on the tort claim, concluding that an insurer's defective handling of its insured's

---

[2] ORAP 13.10(3) provides:

"When a party prevails on appeal or on review and the case is remanded for further proceedings in which the party who ultimately will prevail remains to be determined, the prevailing party on appeal or review may petition the appellate court for attorney fees within the time and in the manner provided in this rule.[2] If the appellate court determines an amount of attorney fees under this subsection, it may condition the actual award of attorney fees on the ultimate outcome of the case. In that circumstance, an award of attorney fees shall not be included in the appellate judgment, but shall be awarded by the court or tribunal on remand in favor of the prevailing party on appeal or review, if that party also prevails on remand, and shall be awarded against the party designated on appeal or review as the party liable for attorney fees."

---

"[2] This subsection does not create a substantive right to attorney fees, but merely prescribes the procedure for claiming and determining attorney fees under the circumstances described in this subsection."

defense is a breach of contract and not an independent tort. *Georgetown Realty v. The Home Ins. Co.*, 102 Or App 611, 616, 796 P2d 651 (1990). We also reversed the attorney fee award to the plaintiff and remanded "to the trial court to determine whether plaintiff remains entitled to fees under ORS 742.061 under the remaining judgment." *Id.* at 619. On review, the Supreme Court reversed, holding that when a liability insurer undertakes to defend its insured, the relationship between them "carries with it a standard of care that exists independent of the contract and without reference to the specific terms of the contract." *Georgetown Realty*, 313 Or at 110-11. The court noted "the possibility of overlapping tort and contract claims for the negligent performance of a contractual promise" and concluded that the plaintiff could proceed under both theories of recovery. *Id.* at 104. On remand, we affirmed the entire judgment for the plaintiff, including the award on the tort claim. *Georgetown Realty v. The Home Ins. Co.*, 113 Or App 641, 645, 833 P2d 1333 (1992), *rev den* 316 Or 528 (1993). We also affirmed the award of attorney fees "[b]ecause our disposition of the appeal is now an affirmance of the entire judgment * * *." *Id.* at 646.

Plaintiff argues that we awarded attorney fees to the plaintiff on remand in *Georgetown Realty* for services that involved a tort claim and thus, in effect, held that ORS 742.061 authorizes attorney fees on tort claims arising from the insurer's failure to settle a claim. Plaintiff is mistaken. This court did not decide, either in *Georgetown Realty* or in any other case, that an insured is entitled to recover attorney fees incurred in prosecuting a tort claim against an insurer arising from the insurer's failure to settle a claim. ORS 742.061 applies only when there is an action "upon any policy of insurance." In *Georgetown Realty*, the Supreme Court held that a negligence claim is available against an insurer where the insurer is subject to "a standard of care that *exists independent of the contract and without reference to the specific terms of the contract.*" 313 Or at 110 (emphasis added). Such a claim by definition is not an action on a policy of insurance within the meaning of ORS 742.061.

The ultimate result on remand in *Georgetown Realty* is not inconsistent with our conclusion. That case involved both a policy-based claim for breach of contract *and* a tort claim. None of the three reported decisions in *Georgetown*

*Realty* suggests that the defendant sought any apportionment of the plaintiff's attorney fee claim between the claim on the policy and the tort claim. If the defendant had made such an argument, a further set of principles might have applied.[3] However, it comes as no surprise that an award of attorney fees was appropriate there, at least under the claim for breach of a contractual duty. Here, on the other hand, plaintiff has claimed only that defendant was negligent and acted in bad faith in failing to settle reasonably the claim against Munson. Accordingly, plaintiff did not assert a claim upon an insurance policy for purposes of ORS 742.061.

Petition for attorney fees denied.

---

[3] We have recognized the need to distinguish between services rendered on claims for which attorney fees may be awarded and claims for which attorney fees may not be awarded. In *Greb v. Murray*, 102 Or App 573, 576, 795 P2d 1087 (1990), this court held:

"When a party prevails in an action that encompasses both a claim for which attorney fees are authorized *and* a claim for which they are not, the court must apportion the fees incurred for each claim. It may award only the fees reasonably incurred for the claim for which attorney fees are authorized, except when there are issues common to both claims." (Emphasis in original.)

*See also Farmers Ins. Co. v. Trutanich*, 123 Or App 6, 16-17, 858 P2d 1332 (1993) (noting that the court was not required to address the insurer's argument that the plaintiff was not entitled to attorney fees under ORS 742.061 where the plaintiff voluntarily reduced the amount of requested attorney fees to deduct time spent on a negligence claim).